THE STATE OF IOWA v. CARR.

In proceedings against bail on *scire facias*, the burden of proof is on the defendant, to show cause why the recognizance should not be estreated.

The execution of the recognizance will be taken as proved, unless denied under oath.

Where in a proceeding on *scire facias* to estreat a recognizance, it appeared from the record, that the warrant for the arrest of the principal, was issued, March 5, 1855; that the recognizance was dated, May 25, 1855; and filed with the clerk of the District Court, June 7, 1855; and that the affidavit of the bail, that he possessed the qualifications prescribed by the statute for

bail, was indorsed on the recognizance; and where it did not appear from the record, by whom the recognizance was taken or accepted; or that the party accused was under arrest, or required to give bail; or that the amount of the bail had been fixed by the court; or, if the recognizance was taken by a justice of the peace, that he had authority to take it; *Held*, 1. That no such connection was shown to exist between the indictment against the principal, and the recognizance declared on, as would authorize the court to infer that it was part of the record in that cause; or, if so, that it was rightfully a part of it; 2. That the affidavit of the bail as to his qualifications, indorsed on the recognizance, was not sufficient to give vitality and effect to the recognizance, or to show that it was ever taken or accepted as a valid undertaking, by a court or magistrate, of competent authority.

Where it does not appear from a recognizance, that it was taken or accepted as a valid undertaking, by a court or magistrate of competent authority, it does not become a part of the record, and no judgment can be rendered against the obligors for the penalty contained therein.

### *Appeal from the Davis District Court.*

SCIRE FACIAS against bail. The defendant appeared, and for cause why his recognizance should not be estreated, answered, denying the execution and acknowledgment of the recognizance, and averring that the recognizance had never been executed, acknowledged and approved, as the law requires.

The answer was not under oath. The recognizance on which the writ of *scire facias* issued, appears to have been signed by defendant, and one J. J. Purcell, and was conditioned for the appearance of Purcell at the next term of the District Court, to answer an indictment against him for selling intoxicating liquors. On the recognizance is indorsed the affidavit of justification of the bail, taken before one S. W. Taylor, a justice of the peace. Nothing appears to show that Purcell was ever arrested or in custody, or that the recognizance of the bail was ever acknowledged, approved or accepted. At the September term of the District Court, the defendant, Purcell, being called, failed to appear, and his recognizance was forfeited, and this proceeding by *scire facias* commenced against his surety. The defendant objected to the introduction of the recognizance in evidence, but the objection was overruled, and judgment rendered against the defendant Carr, from which he appeals.

*Palmer & Trimble,* and *Knapp & Caldwell,* for the appellant.

*Samuel A. Rice,* Attorney-General, for the State.

STOCKTON, J.—In proceedings against bail on *scire facias,* the defendant is to show cause why the recognizance shall not be estreated, or, in other words, why the conditional judgment of record against him, shall not be made absolute, and execution issued thereon.   The burden of proof is on the defendant, when judgment in default of appearance has been entered against the principal.   The evidence on which the plaintiff relies is of record, and is presumed to be within the knowledge of the court, and the defendant must show and allege everything that he relies upon to establish the insufficiency or irregularity of the proceedings.   The *scire facias* is a rule upon him to show to the court any cause he may allege, why final judgment should not be entered against him.

The defendant in this case answers and avers as cause why it shall not be estreated, that the recognizance was not executed by him, and was not acknowledged and approved as the law requires.   Its execution will be taken as proved, unless denied under oath.   And the question is, whether it sufficiently appears that the recognizance was accepted by a court or magistrate having competent authority.   The Code, section 3310, defines the taking of bail, to consist in the acceptance by a competent court or magistrate, of the undertaking of sufficient bail for the appearance of the defendant, according to the terms of the undertaking, or that the bail will pay to the State a specified sum.

The warrant for the arrest of Purcell, issued March 5, 1855.   The recognizance is dated May 23, 1855, and appears to have been filed with the clerk of the District Court, June 7, 1855.   By whom it was taken or accepted, is in no way made to appear.   The defendant was not under arrest or required to give bail.   The amount of bail had not been fixed by the court, and if the recognizance was taken by

the justice of the peace, no authority for him to take it is shown. .

In short, no such connection is shown to exist between the indictment against Purcell, and the recognizance declared on, as to authorize us to infer that it is a part of the record in that cause, or if so, that it was rightfully a part of it.

The affidavit of the defendant Carr, that he possesses the qualifications prescribed by the statute for bail in such cases, is indorsed on the recognizance. But nothing else appears to give it vitality and effect, or to show that it was ever taken or accepted as a valid undertaking by a court or magistrate of competent authority. It is necessary in our opinion that this should appear, to make the recognizance of any force. If it does not so appear, the recognizance does not become a part of the record, and no judgment can be rendered against the obligors for the penalty contained therein.

Judgment reversed.