## McDOWELL vs. MITCHAM.

[TRIAL OF RIGHT OF PROPERTY—APPEAL FROM JUSTICE'S COURT.]

1. *Irregularity waived, not available on error.*—On a trial of the right of property under the statute, in an appeal case from a justice's court, two executions, issued on different judgments between the same parties, having been levied on the same property,—the objection cannot be first raised on error, that there should have been two issues, two trials, and two judgments, when the recitals of the record show that the two cases were consolidated in the circuit court, and there tried on a single issue, without objection from either party.

2. *Clerical misprision amendable, and not available on error.*—The failure to render judgment against one of the sureties on the appeal bond, in an appeal case from a justice's court, is a clerical misprision, which is amendable in the primary court; consequently, if such irregularity be an error of which the other surety and his principal can complain at all, they cannot raise the objection for the first time on error.

APPEAL from the Circuit Court of Coffee.

The record does not show the name of the presiding judge.

THE transcript in this case contains only the papers returned to the circuit court by the justice of the peace, before whom the proceedings originated, and the judgment

of the circuit court. The justice's return shows, that, on the 17th January, 1857, he rendered two judgments against John Bledsoe—one in favor of Joshua Mitcham, and the other in favor of Joseph Mitcham; that executions were issued on both of these judgments, and were levied on a horse. as the property of said John Bledsoe; that a claim to the horse was interposed by one James T. Bledsoe, and bond given for the trial of the right of property; that a trial was had before the justice, and the jury found the horse subject to the executions; and that the claimant took an appeal to the circuit court, and gave bond, in the penalty of $100, with John Bledsoe and James McDowell as his sureties. The judgment of the circuit court is in the following words:

"Joshua Mitcham and Joseph Mitcham vs. John Bledsoe, and Jas. T. Bledsoe, claimant. Came the parties, by their attorneys.; and issue being joined, came thereupon a jury," &c., "who, upon their oaths, do say, they find for the plaintiffs, and assess the value of the property at $75; and it appearing to the satisfaction of the court, that Joshua Mitcham and Joseph Mitcham recovered, before Washington Taylor, a justice of the peace in and for said county, on the 17th February, 1857, a judgment for $28 90, and $1 40 costs, and also one, on the same day, for $36 21, and $1 40 costs, and that execution issued and was levied on the 30th February, 1857, upon a horse, the property condemned,—it is therefore ordered by the court, that *venditioni exponas* issue to sell the said property condemned, for the satisfaction of said execution; and that execution issue, for all the costs in this cause expended, against said claimant and his surety, James T. McDowell, in favor of said plaintiffs."

The judgment of the circuit court is assigned as error.

PUGH & BULLOCK, for appellant.

STONE, J.—Two principles, we think, are decisive of

this case. The final judgment states the case as "Joshua Mitcham and Joseph Mitcham *vs.* John Bledsoe, and James T. Bledsoe, claimant." The recital is, "Came the parties, by their attorneys; and issue being joined, came thereupon a jury," &c. The verdict was in favor of plaintiffs in execution, assessing the value of the property levied on. The judgment-entry then proceeds to recite; "that Joshua Mitcham and Joseph Mitcham recovered, before Washington Taylor, a justice of the peace in and for said county, on the 17th day of February, 1857, a judgment for $28 90, and $1 40 costs, and also one, on the same day, for $36 44, and $1 40 costs, and execution issued and was levied," &c. Now, if these recitals are true—and we must so regard them—the same plaintiffs recovered two judgments against one and the same defendant, executions on which were levied on the same property, and a single claim was interposed. The parties then, by their pleadings, consolidated the two cases, and went to trial on one issue, embracing the two cases. This being the case, and no question being raised in the court below as to the regularity of the proceedings, the question cannot, for the first time, be raised in this court, that there should have been two issues, two trials, and two judgments. *Consensus tollit errorem. Gager v. Gordon,* 29 Ala. 344 ; *Byrd v. McDaniel,* 26 Ala. 582 ; *Vaughan v. Robinson,* 22 Ala. 519; *Rose v. Thompson,* 17 Ala. 628; *Lampley v. Beavers,* 25 Ala. 534.

[2.] If, in failing to render judgment against John Bledsoe, the other surety on the appeal bond, the circuit court committed any error of which the present appellants can complain (a question which we do not decide), that error was purely clerical, and could have been amended in the court below. This court will not consider of such error in the first instance.—*Grayham v. Roberds,* 7 Ala. 719; *Savage v. Walshe,* 26 Ala. 633; *Hunt v. Ellison,* 32 Ala. 210; Shep. Dip. 572, § 152.

If the circuit court rendered judgment against the surety, for a greater sum than the penalty of the appeal bond, there is nothing in this record which enables us to so determine.

Judgment affirmed.