# RUSSELL *vs.* ERWIN'S AD'MR.

[REAL ACTION IN NATURE OF EJECTMENT.]

1. *Appointment of general administrator.*—In an action brought by the general administrator of Mobile county, it is not necessary that the order appointing him should affirmatively show that he was nominated and recommended for the office by the court of county commissioners, as required by the act approved December 14, 1859: the probate court being a court of general jurisdiction as to such matters, every reasonable intendment will be made in favor of the regularity of its proceedings, when collaterally assailed.

2. *Same; resignation.*—A recital in the order appointing such general administrator, that the preceding general administrator had "duly resigned," coupled with such appointment, is sufficient, in a collateral proceeding, to show that the resignation had been accepted by the court, as required by the act approved December 12, 1857.

3. *Revivor of action by general administrator.*—An action brought by the general administrator of a county, who afterwards resigns, may be revived (Code, § 1925) in the name of the succeeding general administrator; and if the revivor is made without objection on the part of the defendants, they can not raise any objection to it at a subsequent term.

4. *Admissibility of parol evidence to vary written lease.*—Parol evidence is admissible, to show that a written lease, which purports on its face to have been made by an administrator in his own name, was in fact made for the benefit of the estate.

5. *Admission of landlord to defend; admission of evidence competent against one defendant only.*—An order of the court, admitting one of several defendants in ejectment to defend as landlord, does not deprive the plaintiff of the right to introduce evidence on the trial which is competent only against the other defendants: the landlord may protect himself against the effect of such evidence, by a request for appropriate instructions to the jury.

6. *Amendment of clerical misprision.*—In an action against several defendants, if the judgment is erroneously entered up against one of them only, this is not a dismissal or discontinuance of the action as to the others, but is a mere clerical misprision, which will be considered on error as amended.

7. *When administrator may sue.*—In this State, the administrator of a solvent estate may maintain ejectment, or a real action in the nature of an action of ejectment, for the land of the intestate.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by F. G. Kimball, who was the general administrator of Mobile county, and who sued as the administrator *de bonis non* of Isaac H. Erwin, deceased, against James W. Russell, Ellen Thompson, and Theodore Petit, to recover the possession of four city lots in Mobile, with damages for their detention; and was commenced on the 31st May, 1858. The complaint was in the form prescribed by the Code, (p. 555,) "for the recovery of land, or the possession thereof, in the nature of an action for ejectment." At the May term, 1859, the defendant Russell asked leave to defend as landlord of the premises; "which leave," the minute-entry recites, "is granted, and thereupon said defendant filed his pleas." The transcript next contains seven pleas, which purport to be filed by "the defendants Petit and James W. Russell, who is now made defendant in the place of said Thompson"; the defendants' names, as stated in the margin of the pleas, being "*Edward J. Thompson and Theodore Petit.*" The separate pleas of the defendant Russell are then set out, which were pleaded "in short by consent"; namely, the general issue, and adverse possession for three years, with a suggestion of valuable improvements. The next entry in the transcript, which is without date, and in which the names of the defendants are stated as "Ellen Thompson, *et al.*," is in these words: "James W. Russell, the landlord of the above-named defendants, appears as a defendant to the above-stated case, and asks to be made the sole defendant in said suit; and receives a declaration for the premises sued for in this action, for which he intends to defend, and pleads the general issue thereto," &c., and adverse possession, with a suggestion of valuable improvements. The next entry in the cause, which is entitled of the May term, 1860, and states the names of the defendants as Ellen Thompson, James Russell, and Theodore Petit, is as follows: "Came the parties, by their attorneys, and the *defendant* suggests, that he, and those under whom he holds, have had adverse possession of the land sued for, for three years next before the bringing of this suit, and have made permanent and valuable improvements thereon," &c.; then reciting that the plaintiff had leave to amend his complaint, by correcting a

misdescription of the premises sued for, and dismissed his suit against Ellen Thompson ; that thereupon came a jury, who returned a verdict for the plaintiff; and then follows the judgment of the court, " that the plaintiff recover from the *defendant* the lots described in the complaint," &c. This judgment was reversed by this court, at its June term, 1861, on appeal by the defendant Russell, and the cause was remanded.—See the case reported in 38 Ala. 44–51.

At the December term, 1865, as the next entry in the transcript recites, "came the parties, by their attorneys, and the plaintiff has leave to amend his complaint fully; to which the *defendants* assent; and W. W. McGuire, administrator *de bonis non*, with the will annexed, of Isaac H. Erwin, deceased, is made a party plaintiff, on his motion, in lieu of Franklin G. Kimball, administrator *de bonis non*, &c., resigned." The amended complaint, as copied in the transcript, is entitled of the " Fall term, 1858," and states the names of the parties thus : " Franklin G. Kimball, adm'r, *v.* Ellen Thompson, James Russell, and Theodore Petit."

In the entry at the May term, 1866, Russell is the only person named as defendant in the margin ; and the entry states, that the defendant moved the court to strike the cause from the docket, "on the ground that W. W. McGuire, adm'r, &c., is improperly made a party"; but the motion, as copied into the bill of exceptions from the motion docket, states the names of the defendants to be " J. W. Russell *et al.*" The bill of exceptions states, that this motion "was heard by the court, upon the record proof from the probate court of Mobile, showing the successive appointments of Mrs. Rebecca Erwin, Robert D. James, F. G. Kimball, and W. W. McGuire, to the administration of the estate of said Isaac H. Erwin, deceased, and upon no other evidence." The court overruled the motion, and the defendant Russell excepted.

The transcript from the records of the probate court, which was made an exhibit to the bill of exceptions, shows that letters of administration on the estate of said Isaac H. Erwin, deceased, *cum testamento annexo*, were granted to Mrs. Rebecca Erwin, his widow, on the 11th day of April, 1845 ; that Mrs. Erwin resigned the administration on the

3d January, 1851, and, on the same day, letters *testamentary* were granted to Robert D. James; that said James filed his resignation on the 16th December, 1854; that on the 23d December, 1857, letters of administration *de bonis non* on said estate were granted to said F. G. Kimball, as the general administrator of Mobile county; that said Kimball "presented his resignation as such administrator" on the 13th September, 1864, and it was thereupon ordered by the court, "that said resignation be filed and recorded"; and that letters of administration *de bonis non* were granted to said W. W. McGuire, as the general administrator of the county, on the 25th January, 1865, the order appointing him being in the following words: " Franklin G. Kimball having duly resigned as administrator *de bonis non*, in this court, of said estate, with the will annexed of said deceased, more than thirty days since; now, upon the application of Wesley W. McGuire, the administrator general of this county, made in writing, and under oath,—it is ordered, that he be appointed to administer the estate of said deceased, wherein the same remains unadministered, and that the proper letters of administration *de bonis non*, with the will annexed of said deceased, issue to him; and the said McGuire is directed, under this appointment, to proceed with said administration according to law."

On the trial, as the bill of exceptions further states, the plaintiff offered in evidence a lease from Mrs. Rebecca Erwin to Edward J. Thompson of the premises sued for, which was dated the 1st November, 1849, and which consisted of two distinct parts. The first part, which was signed by said Thompson, acknowledged the acceptance of the lease by him " from Mrs. Rebecca Erwin, adm'rx," &c., and specified the stipulations of the contract on his part; while the second part, which was signed " W. J. Ledyard, for Mrs. R. Erwin," contained the stipulations of the contract on the part of the lessor. The term of the lease was three years, to commence from its date; and the stipulated rent was sixty dollars *per annum*, payable quarterly in advance. " In connection with said lease, plaintiff offered to prove, by said W. J. Ledyard, that he took the lease from said Thompson, who made it, as agent for Mrs. Rebecca Erwin, as the

administratrix of the estate of said Isaac H. Erwin, deceased, and took it for the benefit of said estate. The defendant objected to the admission of the lease, and to the evidence of said Ledyard, severally; because he (the defendant) was not shown to be a party or privy to said lease, and because it was made to Mrs. Rebecca Erwin, and not to her as administratrix *de bonis non*, with the will annexed, of the estate of Isaac H. Erwin, deceased. The court overruled said objections, and allowed said lease and evidence to go to the jury; to each of which rulings said defendant excepted."

"Said Ledyard further testified, that he arranged for said lease with the wife of the lessee, who was the mother of the defendant, and that she continued to pay the rent reserved by the lease for some considerable portion of the term therein specified. There was evidence that said Thompson was the stepfather of the defendant, with whom the defendant, then a minor, was living at the date of the lease. The defendant set up and introduced evidence, tending to show adverse possession, by and for him, for more than ten years before this suit was brought, under color of title; and there was no other evidence given or offered of the right of the lessee and his wife to represent the defendant in attorning to Mrs. Erwin, than what is shown by the lease and the testimony of said Ledyard, as aforesaid. Said testimony of defendant tended to show, that before the making of the said lease, and at that time, his mother held the possession of the property sued for, for him, and that said possession was obtained by her from a third person, who held adversely to Erwin and his estate." The transcript from the records of the probate court, above mentioned, showing the several grants of letters of administration on Erwin's estate, were read in evidence by the plaintiff; and the bill of exceptions states, that it "was the only evidence introduced to show a right in the plaintiff to maintain the action on the right or title of said decedent or his estate." The defendant asked the court to charge the jury, "that the plaintiff could not recover on any right or title in Isaac H. Erwin or his estate"; which charge the court refused to give, and the defendant excepted to its refusal.

The several rulings of the court to which, as above stated, exceptions were reserved, are now assigned as error.

W. BOYLES, and THOS. H. HERNDON, for appellant, made these points: 1. The proviso to the act approved December 12, 1857, declares that the general administrator of Mobile county may resign his administration on any particular estate committed to him, "by leave of the probate court of his county."—Session Acts, 1857–8, p. 302. The order appointing McGuire does not show that Kimball had resigned the office of general administrator of the county by leave of the court, or that his resignation had been accepted by the court. The appointment of McGuire, therefore, is void for want of jurisdiction, since there can not be two administrations on the same estate at one and the same time. *Matthews v. Douthitt*, 27 Ala. 273.

2. Under the proviso to the act approved December 14, 1859, the general administrator of Mobile county is required to be recommended and nominated by the court of county commissioners.—Session Acts, 1859–60, p. 551. The object of this statutory provision was to limit and restrict the power of the probate judge in appointing general administrators. He can not legally make any appointment, until the person appointed has been nominated and recommended by the county commissioners; and any appointment made by him, without such appointment and recommendation, is null and void for want of jurisdiction.—27 Ala. 273, 608; 29 Ala. 510; 22 Ala. 484; 18 Ala. 694; 15 Ala. 134; 11 Ala. 310. This statutory provision takes the case out of the influence of the case of *Bradley v. Broughton*, (34 Ala. 705,) and makes the validity of the appointment depend, not on the court by which it is granted, but on the person appointed.

3. The record from the probate court was the only evidence offered by the plaintiff, to show his right to maintain the action. If it be held that the record, aided by intendment, shows the resignation of Kimball, and the recommendation and nomination of McGuire; still it is defective, because it does not show the appointment of McGuire as

the general administrator of the county, though that fact is recited in the order granting him administration on the estate of Erwin. A record is not evidence of any fact which can only be inferred from it by argument.—*McCravey v. Remson*, 19 Ala. 430; *Miller v. Jones*, 29 Ala. 186; 1 Greenl. Ev. 519.

4. The order admitting Russell to defend as landlord, estops not only the tenants, but the plaintiff also, from denying that fact. If he was not the landlord of the other defendants, the order admitting him to defend as landlord, and dismissing the action as to the other defendants, amounted to a discontinuance of the case.—Adams on Ejectment, 293; 1 B. Monroe, 233; 5 Monroe, 540.

5. The lease from Mrs. Erwin to E. J. Thompson was not competent evidence against the defendant Russell, since he was neither a party nor privy to it. If Mrs. Ellen Thompson, the mother of Russell, held possession for him, she could not affect his rights by attorning to a stranger. Being a tenant under him, or holding for him, she could not do anything that would affect his title.—38 Ala. 44; 1 Rawle, 408; 2 Humph. 562; 10 Watts, 67; 12 Wendell, 105; 14 Serg. & R. 382; 8 Watts & Serg. 536; 5 Cowen, 291. Russell was a minor at the time the lease was accepted by Thompson, and therefore could not be bound by it.

6. The lease was not competent evidence in this case, because it was not made by Mrs. Erwin in her representative character, and parol evidence was not admissible, to vary, contradict, or add to its terms.—*Innerarity v. Kennedy*, 2 Stewart, 159; 12 Ohio St. R. 202; 6 *ib.* 4; 2 Parsons on Contracts, 61; 1 Greenl. Ev. § 275; 12 Johns. 490; 5 Cowen, 144; *Thorpe v. Sughi*, 33 Ala. 330; 17 Mass. 571; 8 Metcalf, 59; 17 Ala. 38; 10 Ala. 116; 1 Hilton, N. Y. 61. The lease does not show, on its face, that Ledyard was the agent of Mrs. Erwin, the administratrix; and that fact can not be proved by parol.—4 Duer, N. Y. 29; 24 Barbour, 39, and cases there cited.

E. S. DARGAN, and JOHN HALL, *contra.*—1. The court did not err in refusing to strike the cause from the docket.—

*Gray v. Cruise,* 36 Ala. 559 ; *Ikelheimer v. Chapman,* 32 Ala. R. 676.

2. The record of the probate court shows enough to sustain the plaintiff's appointment, when collaterally assailed. *Ikelheimer v. Chapman,* 32 Ala. 676 ; *Comstock v. Crawford,* 3 Wallace, U. S. 396.

3. The right to revive the action, in the name of the succeeding administrator, is unquestioned.—Code, §§ 1683, 1737, 1751, 1754, 2158. The right of the administrator to maintain the action is asserted in *Golding v. Golding,* 24 Ala. 122 ; see, also, *Caller v. Boykin,* 1 Minor, 206 ; *White v. Beard,* 5 Porter, 94 ; *Elliott v. Eslava,* 3 Ala. 568.

4. The evidence of Ledyard, in connection with the lease, was admissible.—*Steele v. McTyer,* 26 Ala. 487 ; *Br. Bank v. Coleman,* 20 Ala. 140 ; 26 Conn. 328.

JUDGE, J.—The act of the legislature authorizing the appointment of a general administrator and general guardian for Mobile county, approved December 14, 1859, (Acts 1859–'60, p. 551,) provides, " that the court of county commissioners of said county shall recommend and name the person to be appointed such administrator and guardian." It is contended that the order of the probate court, committing the administration of Erwin's estate to McGuire, the appellee, as the administrator general of Mobile county, is void, because the order fails to show that McGuire had been appointed such administrator general, pursuant to the requirements of the act of the legislature above cited. This position we hold to be untenable. The jurisdiction of the probate court, as to the granting of letters testamentary and of administration, is conferred by the constitution of the State, and is original, general, and unlimited.—*Ikelheimer v. Chapman's Adm'rs,* 32 Ala. 676 ; *Gray's Adm'r v. Cruise,* 36 Ala. 559. It is, to this extent, a court of general, not of limited, or special jurisdiction ; and, in accordance with a well-established rule, every reasonable intendment will be made, in order to support the jurisdiction when assailed, especially when it is brought in question collaterally. We must, therefore, intend that McGuire was appointed administrator general of Mobile county, in con-

formity to the requirements of the act of December, 1859.

2. The act of December 12, 1857, "to prescribe the duties, rights, and liabilities of general administrators, where they resign their office," provides, that the resignation of his office by any general administrator shall not operate to discharge him from the administration of any estate previously committed to his charge as such general administrator ; but that he may be removed from the administration of any such estate for cause, "or may resign his administration thereon, by leave of the probate court of his county." Previous to the appointment of McGuire, administration on the estate of Erwin, deceased, had been committed to one Franklin G. Kimball, as general administrator of the county ; and he had resigned the trust. It is contended that it does not appear that Kimball's resignation was by leave of the court; that in that event alone could he legally resign; and that, therefore, the appointment of McGuire was illegal and void. The order appointing McGuire recites, that Kimball had "duly resigned" his administration; and the appointment of McGuire to succeed Kimball in the administration, coupled with the recital stated above, makes it sufficiently clear that the probate court had sanctioned the resignation of the latter.

3. McGuire, as the successor in the administration, was properly made a party plaintiff, on motion, in the court below. Section 1925 of the Code expressly authorized it; and, besides, no objection was made to it, at the time the motion was granted. Therefore, the motion made at a subsequent term of the court, to strike the cause from the docket, on the ground that McGuire, as administrator, had been improperly made a party, was rightfully overruled.

4. The rule of law is well settled, though there is sometimes difficulty in its application, that if a written instrument is perfect and complete of itself, parol evidence can not be received to add another term to it, or to change its legal effect. This rule was not violated in permitting the witness Ledyard to testify that he, as the agent of Mrs. Rebecca Erwin, as administratrix of the estate of Isaac H. Erwin, deceased, took the lease from Thompson for the benefit of said estate. Parol evidence, it has been held,

may be received, without doing violence to the rule stated, which shows for whose benefit a contract is executed, or which shows that a contract was that of another person than him in whose name it is executed.—*McTyer v. Steele et al.*, 26 Ala. 487; *Branch Bank v. Coleman*, 20 Ala. 140.

5. The lease, and, in connection therewith, the evidence of the witness Ledyard, were competent evidence, notwithstanding the defendant Russell was neither a party nor privy to the lease. The suit was originally brought against Ellen Thompson, James Russell, and Theodore Petit. At a term of the court before the trial, Russell, *though already a party defendant*, asked and obtained leave of the court to defend the suit as landlord of the premises. At a subsequent term, as appears from a recital of the record, he asked leave to be made the sole defendant to the suit; but no action of the court appears to have been had on this motion. At a term of the court still subsequent to this, the plaintiff moved for leave to "amend his complaint fully;" to which the defendants assented. Thereupon, an amended complaint was filed, on which the case was tried, embracing the same parties defendant, viz., Ellen Thompson, James Russell, and Theodore Petit. Ellen Thompson being a party defendant, it was for this, if for no other reason, competent to introduce the lease in evidence, and to show her connection therewith, and the payment of rent by her, thereunder. The plaintiff was not deprived of his right to introduce this evidence, by the leave which had been granted to Russell to defend as landlord; and such would not have been the effect, even if Russell had not been an original party defendant.—*Davis v. McKinney et al.*, 5 Ala. 719; *Noble v. Coleman and Gunter*, 16 Ala. 77. It was competent for the defendant Russell to protect himself against any illegal effect of the evidence, by the asking of an appropriate charge from the court.

6. The plaintiff's action was not dismissed or discontinued as to either of the defendants. As before stated, the case was tried on a complaint which embraced each one as a defendant; though the judgment-entry may be construed to be against Russell alone. But if this be so, it is a clerical misprision, which is amendable, and not available on

error. This court will not consider of such error in the first instance.—*McDowell v. Mitcham*, 37 Ala. 417 ; also, *Amarine v. McCaskle*, 12 Ala. 17.

7. The court was requested by the defendant to charge the jury, "that the plaintiff could not recover on any right or title in Isaac H. Erwin, or his estate ; which charge the court refused to give, and to which refusal the defendant excepted." The bill of exceptions does not purport to set out all the evidence of title in Erwin or his estate ; and the charge requested raises no question in regard to the sufficiency of that title to authorize a recovery. Having de-f termined that McGuire was lawfully the administrator o. the estate, the only question presented by the charge is, as to whether the administrator of a solvent estate may, in this State, maintain ejectment for the lands of his intestate This question has been settled in the affirmative by this court ; and, consequently, the court below did not err in refusing to give the charge.—*Golding v. Golding's Adm'r*, 24 Ala. 122.

It does not appear that the defendant Russell was in any manner estopped from controverting the title of the plaintiff, or asserting a superior outstanding title to the premises sued for, in himself, if any such existed.

There being no reversible error in the record, the judgment of the circuit court is affirmed.