# Hunt *et al. v.* The State.

*Scire Facias on Forfeited Recognizance.*

1. *Judgment final against bail; what record must show.*—To support a final judgment by default on a forfeited recognizance, the record must show that the *scire facias* was returned "executed," or that there were two returns of "not found," which the statute (Code, § 4866) makes equivalent to personal service.

2. *Same; amendment of judgment.*—When the record shows that the *scire facias* was returned executed on all the recognizors but one, and judgment final was taken against all, without two returns as to the one not found,

this court will amend the judgment by discontinuing the proceeding as to him, if the record shows no other error.

3. *Same; form of scire facias.*—Each of the parties to the recognizance, against whom a judgment *nisi* has been taken, should be allowed to show cause why the judgment should not be made absolute against him, and the *scire facias* should be so framed; and a judgment final against all should show that they all failed to appear, or, appearing, failed to show a sufficient excuse.

4. *Nature of proceeding; discontinuance.*—A *scire facias* on a forfeited recognizance is a civil cause, and is not discontinued by the unexplained failure of the court to take action on it for one or more terms.

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. H. T. TOULMIN.

The record in this case shows that, in October, 1873, an indictment was found in said court against John Little, for the murder of Zedo Shanklin; that at the April term, 1875, the defendant never having been arrested, an order was entered on the minutes, granting permission to the solicitor to withdraw and file the indictment, with leave to have it reinstated; that at the April term, 1877, in open court, by an order duly entered on the minutes, the defendant was admitted to bail, in the sum of one thousand dollars, with Henry J. Hunt and others as his sureties, conditioned for his appearance at the next term of the court, "and from term to term thereafter until discharged by law, to answer a criminal prosecution for murder;" that at the October term, 1877, said Little having failed to appear, a judgment *nisi* was entered against him and his sureties; that a *scire facias* was issued on this judgment on the 12th November, 1877, and returned executed on all the parties except said Little on the 8th February, 1878; and that a final judgment was thereupon rendered on the 21st April, 1879. The judgment *nisi* was in these words: "In this cause, it appearing to the satisfaction of the court that the defendant had entered into bail, in open court, with Henry J. Hunt, James W. O'neal, William O'neal, John B. Bryars and W. B. Bryars as his sureties, for his appearance at the present term of this court, and having failed to appear; it is ordered by the court, that the State of Alabama, for the use of Baldwin county, recover of the defendant, John Little, and of the said Henry J. Hunt," &c., "sureties on his bail, the sum of one thousand dollars, unless the said John Little appear, at the next term of this court, and show good and sufficient cause why this judgment should not be made absolute." The *scire facias* sets out a copy of this judgment, and the final judgment is as follows: "Came the State of Alabama, by its solicitor; and it appearing to the satisfaction of the court that judgment *nisi* against the said defendant and his sureties," naming them, "was rendered at the April term, 1878, of this court,

for the sum of one thousand dollars, for the said defendant failing to appear and answer to an indictment against him for murder; it is ordered by the court, that the State of Alabama, for the use of Baldwin county, recover of the said defendant and his sureties, H. J. Hunt, James W. O'neal, William O'neal, J. B. Bryars, and W. B. Bryars, the sum of one thousand dollars, together with the costs," &c. This judgment is now assigned as error by the sureties.

ANDERSON & BOND, for the appellants.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The record in the present case shows but one *scire facias* issued, which was returned served on all the defendants except John Little; as to him, it was returned "not found." The judgment was made final against all the defendants. To authorize a judgment final against any party on forfeited recognizance, it is necessary that the *scire facias* be returned executed, or that there be two returns of "not found." This latter is declared to be equivalent to personal service.—Code of 1876, § 4866.

If there were no other error in this record, we would amend the judgment-entry by discontinuing the suit as to John Little, not served, and let it remain as a judgment final against the parties served.—*Savage v. Walshe*, 26 Ala. 619; *McDowell v. Mitchum*, 37 Ala. 417; *English v. Brown*, 9 Ala. 504. The *scire facias*, however, and the final judgment, are, each, imperfect. The language of the *scire facias* is, "unless the said John Little appear at the next term of this court, and show good and sufficient cause why the judgment should not be made absolute." The statute allows each of the defendants against whom a judgment *nisi* is rendered, to show cause why the judgment should not be made absolute. Code, § 4863. The *scire facias* should be so framed. True, it follows and copies the judgment *nisi;* but that can be amended, *nunc pro tunc*, in the court below, so as to allow each and all of the defendants to appear and show cause. The final judgment, to be formal, should recite that the defendants failed to appear, to show cause, or that the cause shown by them was adjudged insufficient.—Code of 1876, § 4876.

There is nothing in the argument, that the record fails to show any action was taken in the court below for one or two terms after the judgment *nisi* was rendered. There may have been a failure to hold those terms of the court, or the cause may not have been reached. This is a civil cause'

[Stewart v. The State.]

and such causes at least are not discontinued by an unexplained failure of the court to take action for one or more terms.—*Ex parte Remson*, 31 Ala. 270.

Reversed and remanded.