# Peck *et al. v.* The State.

*Scire Facias on Forfeited Recognizance.*

1. *Nature of proceeding.*—A proceeding by *scire facias*, to fix the liability of bail on a forfeited recognizance in a criminal case, is a civil action.

2. *What defenses are available.*—If the recognizance was taken by an officer authorized by law to take and approve it, the sureties can not, in defense of a proceeding to fix their liability for the default of their principal, raise any objection to the manner of the arrest, nor to the sufficiency of the indictment.

3. *Objections to indictment, on account of defects in grand jury.*—Although an indictment will be quashed, or set aside, and will not support a judgment of conviction, when the record shows that it was preferred by a body illegally organized by the court as a grand jury; as when fifteen of the original *venire* appear and are accepted, and the court adds three others to them (Code, § 4754); yet such a defect or irregularity will not avail in a collateral proceeding, and can not be set up in defense of a proceeding to enforce a forfeited recognizance.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. GEO. H. CRAIG.

The record in this case shows that, in April, 1878, an indictment for perjury was found in said court against Isaac Peck; and that, at the same term of the court, he was admitted to bail in the sum of one hundred and fifty dollars, with W. W. Powers and others as his sureties, conditioned for his appearance at the next term of the court, and from term to term thereafter until discharged by law. Having failed to appear at the next term, a conditional judgment was rendered against him and his sureties; and a *scire facias* was thereon issued, in usual and proper form, and served on all the sureties on the 6th March, 1879. At the next term, the sureties appeared by attorney, and, craving oyer of the "*scire facias,* the bond, the indictment, and the records of the court reciting the organization of the supposed grand jury which preferred the same," moved to quash the *scire facias;* which motion being overruled and refused, they demurred to the *scire facias,* assigning as causes of demurrer the same grounds on which the motion to quash was founded. These causes of demurrer, presented in different forms, assailed the validity of the recognizance, and of the indictment, because the record showed that, in the organization of the grand jury by which it was preferred, although fifteen of the persons originally summoned appeared and were accepted, the court added three other persons to them, increasing the number of

[Peck v. The State.]

grand jurors to eighteen. The court overruled the demurrer, and the motion to quash; and the defendants then pleaded, "in short by consent, the general issue, with leave to give in evidence any matter which might be specially pleaded;" and this issue being submitted to the court, without the intervention of a jury, on the facts shown by the record and papers in the cause, as above stated, the court rendered judgment final against the sureties. The final judgment, the refusal of the motion to quash, and the overruling of the demurrers, are now assigned as error.

THOS. R. ROULHAC, for the appellants.—The indictment, or paper purporting to be an indictment, is shown by the record to be absolutely void; not merely voidable, but utterly and entirely void, mere waste of paper.—*Finley v. The State*, 61 Ala. 201; *O'Byrnes v. The State*, 51 Ala. 27; *Miller v. The State*, 33 Miss. 356; *Portis v. The State*, 23 Miss. 578; *Keitler v. The State*, 4 Iowa, 291; *Nicholls v. The State*, 2 South. (N. J.) 539; *Harrington v. The State*, 36 Ala. 236. Being an absolute nullity, no rights or liabilities can proceed from it; nor can it work an estoppel.—Bigelow on Estoppel, 283; *Kercheval v. Triplett*, 1 A. K. Mar. 493; *Sinclair v. Jackson*, 8 Cowen, 543; *Chandler v. Ford*, 3 Ad. & El. 649; *Burr v. Lewis*, 6 Texas, 76; *Kennedy v. McCartney*, 4 Porter, 158; Comyn's Digest, *Estoppel*, E, 2. The case is totally unlike those cited for the appellee, where there were indictments regularly and legally preferred, though defective in form. The case of *Finley v. The State* is founded on principles of high public policy, and should be maintained in all its integrity. In determining a question of principle, the argument *ab convenienti* should be allowed but little weight.

H. C. TOMPKINS, Attorney-General, for the State.—On a trial like the present, no question can be raised as to the sufficiency of the indictment, nor whether there was any indictment at all.—*Weaver v. The State*, 18 Ala. 293; *Williams v. The State*, 20 Ala. 63; *Eldred v. The State*, 31 Ala. 393; *Vasser v. The State*, 32 Ala. 586; *State v. Sterrett,* 6 Halst.; *State v. Cooper*, 2 Blackf. 226. The recognizance was conditioned for the defendant's appearance "until discharged by law." That the indictment was returned by a grand jury not properly organized, and ought therefore to be quashed, does not discharge him: on the contrary, when the indictment is quashed, he must be held to answer a new indictment. Code, § 4819; *Ellison v. The State*, 8 Ala. 273; *Finley v. The State*, 61 Ala. 201.

VOL. LXIII.

[Ex parte Mayfield.]

STONE, J.—The proceeding to fix the liability of bail on a forfeited recognizance, taken in a State case, is a civil ac-tion. It is a rule of this court, well and long established, that in such proceeding no objection can be taken to the manner of arrest, or the sufficiency of the indictment, pro-vided the recognizance or bond be taken by an officer author-ized by law to take and approve such bond. The undertak-ing of bail binds the parties for the appearance of the de-fendant.—Code of 1876, §§ 4852, 4853 ; *The State v. Weaver,* 18 Ala. 293 ; *State v. Eldred,* 31 Ala. 393 ; and other authori-ties on the brief of the Attorney-General.

In the case of *Cross v. The State,* at this term, we dis-cussed the question of irregularities in the selection, draw-ing, and summoning of grand jurors, under our statutes, and determined the character of errors or irregularities therein committed that would avail to quash or set aside an indict-ment, found by a body so constituted. We said, however, that such errors or irregularities will not avail, when collat-erally presented. We have examined *Portis v. The State* (23 Miss. 578), *Miller v. The State* (33 Miss. 356), *Nichols ats. State* (2 South. N. J. 539), and *State of Iowa v. Carr* (4 Iowa, 289), and have no disposition to depart from our own well-considered rulings. A defendant out on bail, taken and approved by the proper officer, can not be heard to question the sufficiency of the indictment or warrant under which he was arrested, unless he is present in court to abide such order as the court may make in the premises.

The judgment is affirmed.