(93 South. 372)

### BUSBY et al. v. STATE. (5 Div. 403.) *

(Court of Appeals of Alabama. May 16, 1922. Rehearing Denied May 30, 1922.)

1. **Bail ⬤══▷74(1)—Sureties not relieved of undertaking by subsequent prosecution of principal for same offense.**

Sureties on an undertaking for the appearance of· an accused principal to appear at a county court to answer charge of violating the prohibition laws were not relieved of their undertaking, where the principal failed to appear, by the fact that an indictment which was subsequently returned by the grand jury of the county for a like offense as that pending in the county court against the principal was for the same offense as that charged in the affidavit in the county court, and for which the sureties bound themselves for the defendant's appearance.

2. **Bail ⬤══▷56—Sufficiency of affidavit not questionable by sureties on recognizance.**

Where no question was raised but that a recognizance was taken by an officer authorized by law to take and approve it, the sureties thereon could not escape liability for the default of their principal by questioning the sufficiency of the affidavit, as by contending that the affidavit contained both a felony and a misdemeanor charge.

3. **Bail ⬤══▷74(1)—Plea of discontinuance by sureties on recognizance on accused's failure to appear held without merit.**

On certiorari to the Court of Appeals to quash an order or judgment of the county court against petitioners as sureties on an undertaking for the appearance of an accused principal, their plea that there was a discontinuance of the cause against the principal in the county court could not avail them where it clearly appeared that the principal did not appear at the term of the county court as obligated.

4. **Bail ⬤══▷88½—Scire facias on forfeited recognizance not discontinued by failure to take action for one or more terms.**

A scire facias on a forfeited· recognizance is a civil cause, and is not discontinued by the unexplained failure of the court to take action on it for one or more terms.

5. **Certiorari ⬤══▷58—Invalidity of proceeding sought to be quashed must appear from record itself.**

To authorize the Court of Appeals on certiorari to quash an order or judgment of the county court against petitioners as sureties on an undertaking for the appearance of an accused principal, the invalidity of the proceedings must appear from or by an inspection of the record itself.

6. **Bail ⬤══▷93 — Adjudication of liability of sureties on undertaking held sufficient.**

In proceedings in county court to enforce sureties' liability on forfeited recognizance, where the obligors were duly notified to show cause why conditional judgment against them should not be made absolute, and the record of the judgment recited the style of the case, the charge against the principal, and that, each of the sureties appearing and offering no sufficient excuse for principal's default, "the judgment is made final against said sureties," there was a sufficient adjudication of the obligors' liability.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Certiorari by J. R. Busby and others to quash the proceedings in the county court of Chilton county whereby they will be made to answer for their undertaking to have Busby present at said court to answer charges. From an order denying the certiorari and refusing to quash, petitioners appeal. Affirmed.

───

⬤══▷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Certiorari denied 93 South. 922.

A. C. Smith, of Clanton, and Brassell, Brassell & Brassell, of Montgomery, for appellants.

The order should have been granted, quashing the county court proceedings. 63 Ala. 161; sections 6700, 7589, Code 1907; 8 R. C. L. 54; 12 Cyc. 133. There was a discontinuance of the proceedings in the county court. 79 Ala. 59; 104 Ala. 93, 16 South. 122; 33 South. 826.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. [1, 2] This is a common-law certiorari proceeding, and seeks to quash an order or judgment of the judge of the county court of Chilton county whereby judgment was rendered against the obligors, petitioners and appellants here, who, as sureties, entered into an undertaking for the appearance of one J. R. Busby, the principal, at the county court of Chilton to answer a charge against him pending in said court for a violation of the prohibition laws. No question is raised but that the principal failed to appear at said court, as he had obligated to do. There is absolutely nothing in the record to substantiate the contention that the indictment subsequently returned by the grand jury of Chilton county for a like offense as that pending in the county court against the principal in the undertaking was for the same offense as that charged in the affidavit in the county court, and for which offense the sureties bound themselves for the appearance of the defendant, but, if so, this fact could have in no wise relieved the sureties of their undertaking that the principal should appear at the Chilton county court to answer the charge there pending against him. No question is raised but that the recognizance was taken by an officer authorized by law to take and approve it, and, this being so, the sureties cannot escape liability for the default of their principal by questioning the sufficiency of the affidavit. Consequently there is no merit in the contention of the appellants that the affidavit contained both a felony and misdemeanor charge. Peck v. State, 63 Ala. 201; section 6354, Code 1907, and authorities there cited.

[3, 4] The plea of the petitioners that there was a discontinuance of the cause against the principal in the county court, if conceded, cannot avail the petitioners, for it is clear from the allegations of the petition that the principal did not appear at the October term of the county court, as the obligation bound him to do, neither was there a discontinuance of the proceedings in the county court to declare a forfeiture of the undertaking. A scire facias on a forfeited recognizance is a civil cause, and is not discontinued by the unexplained failure of the court to take ac-

tion on it for one or more terms. Hunt v. State, 63 Ala. 196.

[5, 6] To authorize us to quash the proceedings in the county court, the invalidity of the proceedings must appear from or by an inspection of the record itself. Benedict v. Board of Revenue, Mobile Co., 177 Ala. 52, 58 South. 306; Dean v. State, 63 Ala. 154; Town of Camden v. Bloch, 65 Ala. 239. No such invalidity appears in this case. The obligors were duly notified to appear and show cause why conditional judgment against them should not be made absolute. The record of the judgment recites, the "style of the case, the charge against the principal and each of said bondsmen or sureties appearing and offering no sufficient excuse for the defendant's default, the judgment is made final against said sureties," and this was a sufficient adjudication of the liability of the obligors under the undertaking. Holcombe v. State, 99 Ala. 185, 12 South. 794.

No error appearing in the record, the judgment refusing to quash the proceedings in the county court is hereby affirmed.

Affirmed.