FAULKNER, Justice.
On January 19, 1981, Mack Kirby was arrested and charged with three counts of possession of controlled substances and with possession of a pistol after being convicted of a crime of violence.
Friends and relatives of Kirby posted four bonds to allow him to be released from custody, pending trial. The bondsmen are the appellants in this case.
On March 23, 1981, the defendant-principal Kirby failed to appear in court. The court granted the State’s requests for an alias writ of arrest for defendant and a forfeiture of the bonds. The court issued scire facias against the bondsmen and ordered that the conditional judgment against them would be made final on April 24,1981, unless they appeared and were able to show good and sufficient cause for defendant’s default. On March 30, 1981, defendant-principal was arrested by Jackson County deputies. At the trial on April 1, 1981, the defendant was convicted in one case and entries of nolle prosequi were made in three others.
The hearing was held on April 24,1981, to allow defendant and appellant bondsmen to show cause why the judgment of forfeiture should not be made final. The court ruled that no sufficient cause was shown and a final judgment was issued against the bondsmen.
Appellants filed a motion for a new trial and rehearing, and a hearing was held on August 5, 1981. The judge denied the appellants’ motion. We affirm.
The court below was correct in entering the conditional judgment against the appellant bondsmen. According to Code 1975, § 15-13-80, bail is forfeited by the failure of the defendant to appear in court at the time and place mentioned in the bond. The bond executed by appellants states that the bondsmen agree to pay the State of Alabama “... unless the said defendant appears before the Circuit Court of Jackson County on the Next day of -, 1981, and from day to day, and from term to term, thereafter, until discharged by due course of law, to answer a criminal prosecution for the offense of Possession of Controlled Substances.” (R.I.). The bond states that the defendant must appear from day to day of the next term (which began on March 23, 1981). When bail is forfeited by the failure of a defendant to appear as required, a conditional judgment must be entered against the bondsmen. Code 1975, § 15-13-81. The defendant’s absence when his case was called for trial constituted a default. Pursuant to the above mentioned code sections, the trial judge was required to issue the conditional judgment.
Appellants argue that since defendant appeared during the same term of court in which his case was originally set for trial, the appearance fulfilled the condition of the bonds and that the bondsmen should be exonerated. Code 1975, § 15-13-63, sets out the requirements which a surety must fulfill before being discharged after a conditional judgment is entered. First, the surety must arrest and deliver the defendant to the sheriff. In addition, the surety must give a good and sufficient excuse for the failure of the defendant to appear at the time the conditional judgment was entered. The statute clearly states that the trial judge is to rule on the issue of the sufficiency of the excuse.
The bondsmen assert that they had no opportunity to arrest and deliver the defendant because he was arrested by the *1012 deputies of Jackson County. This allegation is irrelevant, because even if they had arrested and delivered the defendant to the sheriff themselves, they were still required to fulfill the additional requirement of a good and sufficient excuse. The sufficiency of the excuse, as stated above, is for the trial judge to decide. “Matters resting in the sound discretion of the trial court will not be disturbed on appeal unless there is a clear abuse of discretion.” Williamson-Johns Co. v. Johns, 355 So.2d 706, 707 (Ala.1978).
Likewise, a motion for a new trial is a matter within the discretion of the trial judge. Watson v. State, 389 So.2d 961, 965 (Ala.Cr.App.1980). The appellants in this case had a hearing but not a trial, so the purpose for this motion is unclear. Apparently, appellant bondsmen are asking for another hearing to show cause why the conditional judgment against them should not be made final. Again, this issue has already been decided by the trial judge, and the ruling will not be reversed on appeal without a showing of abuse of discretion. Williamson-Johns Co. v. Johns, 355 So.2d at 707. There is no evidence that the trial judge abused his discretion, and therefore appellants’ request for relief must be denied.
Although the State declined to prosecute three of the cases pending against the defendant-principal, the sureties bound themselves for the appearance of the defendant and they were liable for his default. The bondsmen were not released from liability merely because the cases were nol-prossed. United States v. Sulvani, 4 F.Supp. 775, 776 (W.D.N.Y.1933); Busby v. State, 18 Ala.App. 549, 550, 93 So. 372, 373 (1922); Fly v. State, 550 S.W.2d 684, 686 (Tex.Cr.App.1977). The appellants request that the amount of the forfeiture be decreased by $20,000.00 (representing the three cases which were nol-prossed). This request is denied, and therefore the sureties are responsible for the total amount of the four bonds which they signed, which is $35,-000.00.
AFFIRMED.
EMBRY and ADAMS, JJ., concur.
TORBERT, C. J., concurs specially with opinion, in which ALMON, J., joins.