Eagle Bail Bond ("the surety") appeals from an absolute-forfeiture judgment of the Cherokee County Circuit Court requiring it to pay the State of Alabama $5,000 with respect to two appearance bonds defaulted upon by Kevin Dion Corkie ("the accused") when the accused failed to appear at his arraignment in two criminal cases. We affirm.
The accused, together with the surety, entered into two professional-surety bail bonds with respect to two criminal cases involving the accused, whereby the parties agreed by each bond to pay the State $2,500 unless the accused appeared at the time and place mentioned and fixed in the bond. The accused defaulted on the bonds by failing to appear at his arraignment on March 4, 1998; on March 12 the trial court directed that the clerk issue capiases for the arrest of the accused and entered conditional forfeiture orders, pursuant to §15-13-131(a), Ala. Code 1975, requiring the accused and the surety to show cause why the conditional forfeitures should not be made absolute. Notice of these orders was sent on March 13, and it was received by the surety on March 19. On the same day the surety received the notice of the conditional forfeitures, the accused presented himself to the sheriff of Cherokee County and was placed in jail. The surety then filed a response on March 23, stating that the accused had been placed in jail on March 19. The trial court set a new bond amount of $3,000 for the accused on March 27. *Page 435 
On April 23, 1998, the trial court held a hearing concerning whether the conditional forfeiture should be made final. There is no transcript of that hearing in the record. The trial court found that the surety had failed to have the accused present at the scheduled court appearance on March 4, 1998, in the two cases and that the surety had "provided no assistance in the return of the [accused] to custody," and directed that the conditional forfeiture orders would be made final and absolute. The State was awarded a judgment for $5,000, representing the full amount of the bond in both cases. The surety's postjudgment motion was denied after a hearing, and the surety was directed to pay the judgment within 30 days of September 1, 1998.
The surety appeals, contending (1) that the accused's surrender to the sheriff after the default exonerated the surety from the obligations of the bonds; (2) that the setting of the second bond, which the surety calls a "substitute" bond, released the surety from the original bond obligations; and (3) that the surety was discharged from liability by the subsequent convictions of the accused.
The Bail Reform Act of 1993, § 15-13-100 et seq., Ala. Code 1975 ("the Act"), upon which the surety relies, supplements but does not supersede previous Alabama statutes regarding bail and bail bonds, many of which are found at § 15-13-1 et seq., Ala. Code 1975. Among the provisions of the Act relied upon by the surety is § 15-13-119, which provides, in pertinent part, that one of the conditions for exoneration of bail is that the defendant surrender or "be surrendered" by the surety to the original custodian of the county in which the criminal action is to be heard and in which the defendant is bound to appear. However, other portions of the Act specifically provide that exoneration by surrender to the pertinent jail may be made "at any time before a conditional forfeiture is entered against [the sureties of bail], " § 15-13-117, Ala. Code 1975 (emphasis added), and that the "delivery of the defendant to the authorized jail as stated in [§]15-13-117 shall not exonerate the surety unless, in the judgment of the court, a good and sufficient cause is given for the failure of the defendant to appear at the time the conditional judgment was entered." Section 15-13-118, Ala. Code 1975 (emphasis added).
Section 15-13-63, Ala. Code 1975, the predecessor of § 15-13-118, substantially parallels the later statute regarding the effect of surrender after a conditional forfeiture. Section 15-13-63 was originally enacted in 1896, six years after the Alabama Supreme Court had decided Bearden v. State, 89 Ala. 21, 7 So. 755 (1890), which had directed the setting aside of a conditional forfeiture judgment that had been entered against a surety where the surety arrested the criminal defendant and surrendered him to the county sheriff before the conditional judgment could be made final. By requiring a "good and sufficient" reason why the original default occurred as a condition for exoneration of the surety, see §§ 15-13-63 and 15-13-118, the legislature has abrogated the holding of Bearden to the effect that a subsequent surrender and reincarceration of a defaulting defendant automatically cures the earlier failure of the defendant to appear as required under his or her bond. Thus, we cannot conclude that the accused's surrender to the sheriff of the county in which the trial court is located acted ipso facto as an exoneration of the surety. Accord, Restatement of Security § 209 cmt, a (1995) ("It is no defense that the principal subsequently appears, voluntarily or as a result of the efforts of the surety or the state.").
We reach the same conclusion with respect to the effect of a subsequent conviction of the criminal defendant, such as the accused in this case. The surety contends that the accused was convicted and sentenced on the same day that the *Page 436 
conditional forfeitures were made final,[1] and that §15-13-114, providing for the discharge of the obligations of the sureties of a criminal defendant upon the defendant's being found guilty or upon the sentencing of the defendant, exonerates it as a matter of law. However, we interpret the provisions of §15-13-114 to refer to the duration of the obligations of bail sureties in the general course of events in a criminal case, and to apply only where there has been no earlier forfeiture. See Bonds v. State,911 S.W.2d 820, 822 (Tex.App. 1995) (construing analogous statute discharging surety upon conviction). "Otherwise, the defendant would not really be bound to appear as required by the terms of his recognizance, but would be able to create continuances at will." Id. at 822; see also Kirby v. State, 416 So.2d 1010, 1012 (Ala. 1982) (holding that entry of nolle prosequi as to three charges and finding of guilt as to one charge did not release sureties from liability on bond default occurring before trial was held). Thus, § 15-13-114 did not divest the trial court of the power to declare a forfeiture arising before the conclusion of the underlying criminal case.
Finally, § 15-13-120, which provides for substitution of bail when "the defendant desires to substitute one form of bail for another, " is inapplicable. There is no evidence that the accused in this case indicated that he "desire[d] to substitute" one of the other three forms of bail recognized under § 15-13-111, Ala. Code 1975 — cash bail, judicial public bail, or property bail — for the professional-surety bail he defaulted upon.
In this case, the trial court held a hearing on the issue whether the accused had a "good and sufficient" reason for failing to appear. The trial court concluded that no good cause existed and made the conditional forfeiture absolute for the entire sum expressed in the undertaking, as the Act allows. See § 15-13-137. The record containing no transcript of the hearing on this matter and the parties having presented no Rule 10(d), Ala. R.App.P., statement of the evidence, we conclusively presume that the evidence supports the trial court's determination that the accused defaulted on his obligation without good and sufficient cause. E.g., Bahri v. Bahri, 678 So.2d 1179, 1181
(Ala.Civ.App. 1996).
As a final matter, we note that no question has been raised concerning whether, under § 15-13-137, the amount of the forfeiture amounted to an abuse of the trial court's discretion to enter a judgment "for the entire sum expressed in the undertaking, or any portion thereof according to the circumstances." Neither do we address whether a subsequent judicial remission of the forfeiture judgment may be appropriate, pursuant to § 15-13-139, Ala. Code 1975, because that statute applies only where "there is no further litigation pending on the forfeiture."
Based upon the foregoing facts and authorities, we affirm the absolute judgment of forfeiture.
AFFIRMED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] There is no indication in the record that this is true, beyond the statements of counsel at the post-judgment hearing. *Page 437