CRAWLEY, Judge.
Shirley Leverett (“the wife”) and Lewis Leverett (“the husband”) where divorced in 1999. The wife was awarded, among other things, the marital residence, while the husband was required to pay the mortgage, insurance, and taxes on, and the repairs to, the property. In March 2001, the husband filed a petition to modify the alimony provision of the judgment, claiming that there had been a substantial change in circumstances that has resulted in his being unable financially to maintain the property.[1] Following a hearing, the trial court found that the wife was “self-supporting” and that there had been a “substantial change in circumstances”; thus, the trial court granted the husband’s request and, among other things, terminated the husband’s financial responsibilities with respect to the residence. The wife, acting pro se, appeals. She argues that the trial court abused its discretion in issuing its judgment on the husband’s petition.
The wife did not include the transcript of the hearing on the husband’s petition to modify alimony, nor did she present a Rule 10(d), Ala. R.App. P., statement of the evidence. Therefore, this court must “presume that the evidence supports the trial court’s determination.” Eagle Bail Bond v. State, 757 So.2d 433, 436 (Ala.Civ.App.1999). Because we do not have sufficient evidence to determine whether the trial court abused its discretion, we must affirm. “This court does not presume error. An appellant must ensure that the record on appeal contains sufficient evidence to warrant a reversal.” Judge v. Bolan, 642 So.2d 486, 486 (Ala.Civ.App.1994).
The husband’s motion to dismiss the appeal is denied; the judgment of the circuit court is affirmed.
MOTION TO DISMISS DENIED; AFFIRMED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.

. The husband states in his brief to this court that his physical condition has deteriorated, leaving him unable to work.