## The State v. John H. Warren and others.

We think we are warranted by authority, in holding that proceedings upon *scire facias* (upon forfeited recognizances) may be suspended for sufficient legal cause, or excuse, for having failed to appear on the day mentioned in the recognizance, where the party afterwards appears and submits himself to the law; or the recognizance may be set aside in whole or in part, by such matter of legal avoidance as may be shown by plea, or such matters of relief as may be deemed sufficient cause to remit or mitigate the forfeiture.

What is to be deemed matter admissible in legal avoidance by pleading to the *scire facias,* or matter of relief sufficient to warrant the Court in remitting or

mitigating the forfeiture, we are not required, in the present case, to consider. It may suffice, for the present, to observe that, to authorize the interposition of the Court, it ought very satisfactorily to appear that the party has not broken his recognizance intentionally, with a design of evading justice, or without a sufficient cause or excuse.

Appeal from Smith. It did not appear from the transcript what Judge presided at the trial of this cause in the Court below. The facts are stated in the Opinion of the Court.

*Attorney General*, for appellant.

WHEELER, J. In this, and the several other cases submitted with it, (1080, 1081, 1082, 1083, 1084 and 1085,) the Court proceeded to set aside the judgment of forfeiture, and discharge the defendants absolutely from their recognizance, expressly on the ground, that the appearance of the defendants at a subsequent Term of the Court, after having broken their recognizance, was "a satisfaction of their appearance bond, and an answer to the *scire facias*, except as to the costs of the *scire facias.*" The consequence is, that the defendant is not bound to appear at the Term of the Court at which his appearance is required by his recognizance. His appearance at any subsequent Term next after service of a *scire facias* shall have been had upon him, will be a compliance with his recognizance, and an answer to the *scire facias*; he paying the costs of the *scire facias*.

There has been no appearance of counsel in this Court to argue in support of this doctrine; and I apprehend no one will contend that it has the sanction of any precedent or authority. Under this view of the law, no one admitted to bail to answer for any criminal charge, need appear at the Term at which his recognizance binds him to appear ; nor until a *scire facias* shall have been served upon him, if he will afterwards appear and pay the costs of the *scire facias*. He can

then have one or more continuances, upon the easy terms of paying the trifling costs of the proceeding upon his forfeited recognizance. When finally compelled to come into Court to prevent the rendition of a final judgment upon his forfeited recognizance, his appearance is taken as an answer to the *scire facias*, and the recognizance is set aside, as of course, upon his consenting to go to trial. If the State's witnesses should not then be in attendance, and the case is continued, he may again forfeit his recognizance by failing to appear at the next Term, and another *scire facias* must be issued ; which will be answered by his appearance at the succeeding Term after service, as before ; and so on, until the State's witnesses are out of the way, or the evidence of his guilt is lost, or so obscured by time, that he can claim a trial without danger of conviction.

The abuses to which such a doctrine and practice would lead, are too apparent to need comment. It would tend manifestly to subvert the administration of criminal justice ; and can have no sanction in principle or precedent.

It has been a question, whether, after the forfeiture of a recognizance, the Court has any power over it, except such as may be given by statute. This question came under discussion before Chief Justice Marshall, in the Circuit Court of the United States, in the case of the United States v. Feely, (1 Brock. 255,) on a motion to stay proceedings on a *scire facias*, sued out on a forfeited recognizance. "It is contended," (said the Chief Justice,) " on the part of the United States, that the " Court possesses no power over this recognizance ; that being "forfeited, it has become a debt due to the United States, " which is no more subject to the control of this Court, than " a debt upon a contract. It is admitted, on the part of the " United States, that in England, the Court of Exchequer ex- " ercises this power. But the statutes of the 33 H. 8, c. 39, " and 1 Geo. 2, expressly delegate it, and it is contended, that " from these statutes alone, the authority of the Court of Ex-

" chequer is derived. · Mr. Bacon, in his Abridgment, Vol. 2,
" p. 150, says, that it is by virtue of 33 H. 8, that Courts of
" Exchequer discharge recognizances, and his opinion is cer-
" tainly entitled to respect.

" It is contended by the counsel for the prisoner, that these
" statutes were made in affirmance of the Common Law. For
" this there is no dictum in the books. But if they do not
" simply give a statutory form to a rule of the Common Law,
" there is reason to believe that they permit a principle to be
" exercised, directly and effectively, which was not absolutely
" unknown to the Court. They authorize a discharge or a com-
" pounding of recognizances; and, perhaps, without them, recog-
" nizances could not be absolutely discharged or compounded.
" But it does not follow, necessarily, that the same effect might
" not be indirectly produced by a perpetual suspension. It is
" apparent, that the power given by statute is conferred on the
" Exchequer only ; consequently, the power exercised by Courts
" of Common Law is derived, not from the statute, but from the
" Common Law." (Id. 256-7.)

After reviewing the Common . Law authorities, apparently
without deriving much aid from them in support of the power
of the Court over the recognizance, to prevent it from being
estreated, the Chief Justice finally rests the exercise of the
power to suspend proceedings on the *scire facias* mainly on
the authority of Blackstone ; observing. " The authority on
" which the Court most relies, is Mr. Blackstone. In his 4th
" Vol.. p. 254, he says, ' A recognizance may be discharged,
" either by the demise of the King, to whom the recognizance
" is made, or by the death of the principal party bound thereby,
" if not before forfeited, or by the order of the Court, to which
" such recognizance is certified by the Justices. (as the Quarter
" Sessions, Assizes, or King's Bench,) if they see sufficient
" cause.' " Hence, the Chief Justice concludes that the Courts
of England, independent of the statute, exercise the power
which the Court was then called upon to exercise. He holds

that it is not unreasonable that the power should be exercised, where the accused has, under circumstances which show that there was no design to evade the justice of his country, forfeited his recognizance, but repairs the breach as much as is in his power by appearing and submitting himself to the law. The Court concludes that the reasonableness of the excuse for not appearing on the day mentioned in the recognizance, ought to be examined somewhere, and no tribunal can be more competent than that which possesses all the circumstances of the original offence and of the default. (Id. 260.) No such principle was contended for or suggested in that case, as that the appearance of the accused, after forfeiting his recognizance, was an answer to the *scire facias*, and sufficient, if he submitted himself to the law, to authorize the setting it aside without any sufficient legal excuse for his default. Such a doctrine was not thought of. The question was, whether the Court possessed the power to suspend proceedings on the *scire facias* for any cause. And the Court, influenced evidently as much by the reasonableness of such a power, as by the authorities, (which seemed not very satisfactory,) maintained the power. Of course, if the appearance of the party had been deemed an answer to the *scire facias*, there would have been no discussion of the power of the Court to hear an excuse from the accused, for not appearing on the day mentioned in his recognizance.

The power to hear his excuse, when the accused thus submits himself to the law, and shows a sufficient excuse for his default, as that it was from some unavoidable cause preventing his attendance on the day mentioned in his recognizance, and from no design to evade justice, has, it is believed, been generally maintained by the Courts of the several States, either upon the authority of statutes, or on general principles. In Massachusetts, it seems, the power rests upon the authority of a statute, similar to the English Statutes of 33 H. 8, c. 39, and 4 Geo. 3, c. 10 ; and the Court there holds that "the statute

" was plainly intended for cases of unavoidable accident, or
" inevitable necessity, and for the relief of unfortunate persons
" who are induced by humane feelings to become sureties for
" persons who afterwards abscond, leaving their bail without
" indemnity, or remedy." (Commonwealth v. Dana, 14 Mass.
R. 64.) There doubtless are similar statutes in other States.
But we are not informed whether the power is exercised by
the Courts generally in this country by authority of statutes,
or on general principles of the Common Law. Nor is it mate-
rial to inquire ; for though we have no statute upon the sub-
ject, we think the case of the · United States v. Feely, above
cited, and the reasonableness of the doctrine, sufficient author-
ity for holding that the Courts of this State may exercise the
power of suspending proceedings upon a *scire facias*, or remit-
ting or mitigating the forfeiture for sufficient cause. But no
Court has authority to exercise the power without sufficient
cause, to be judged of in the exercise of a sound legal discre-
tion.

" A recognizance is a debt of record, and is of the nature of
" of a conditional judgment, which the recorded default makes
" absolute ; subject only to such matters of legal avoidance, as
" may be shown by plea, or to such matters of relief as may in-
" duce the Court to remit or mitigate the forfeiture ; and the
" object of the *scire facias* is to notify the cognizor to show
" cause why execution should not issue for the sum acknow-
" ledged." State v. Mills, 2 Dev. & Bat. 552 ; 5 Tex. R, 271.)
" If," (says Mr. Chitty,) " by the non-appearance of the prose-
" cutor or witness at the trial, his recognizance be broken, it
" becomes forfeited, and absolute, and being estreated, (that is
" taken out from among the records) and sent up to the Ex-
" chequer, the party becomes an absolute debtor to the Crown
" for the sum or penalty mentioned in the recognizance. As,
" however, the non-performance of the condition of the recog-
" nizance is frequently owing to mere inattention and ignor-
" ance, the 4 Geo. 3, C. 10, empowers the Barons of the Ex-

" chequer to discharge any person whom they shall think a fit
" subject of favor." (1 Chit. Cr. L. 92.)

The proceeding to enforce a recognizance, which has been estreated or forfeited, may be by *scire facias* or an action of debt. In the case of Lawton v. The State, (5 Tex. R. 272,) we held that a *scire facias* upon a forfeited recognizance is in law an action, to which the defendant may plead. The same matters may, in general, be pleaded to a *scire facias*, as to an action of debt on a recognizance ; and, in general, what will not be an answer to the latter, will not be to the former ; the proceeding to enforce the recognizance being governed by the same principles, whether it be by *scire facias* or an action of debt upon the recognizance. And in New York, where, to an action upon a forfeited recognizance, the defendant pleaded, that after the forfeiture of the recognizance, and before the commencement of the suit, he was arrested by virtue of a bench warrant issued upon the indictment, to which the recognizance required him to answer, and that he thereupon went before an officer and entered into another recognizance to appear and answer to the indictment ; averring that he afterwards appeared accordingly, and then and there did and received what was enjoined by the Court, &c., the plea was adjudged insufficient on demurrer ; and there was judgment for the State. Chief Justice Nelson, delivering the opinion the Court said, the plea was no answer to the action. The forfeiture accrued and the right of action became complete on the default for not appearing. " The condition of the recognizance was then broken, " and the parties to it became absolute debtors to the people " for the amount of the penalty. (1 Chit. Cr. L. 92, Am. ed. " of 1836.)

" In the case of The People v. Bartlett (3 Hill, 370) we held " that an imprisonment of the accused in another county on a " criminal charge, until after the day of appearance, excused " the default. So in the case of The People v. Stager, (10 Wend. " 431) it was held that an arrest on a bench warrant upon the

" same indictment, *before* the default for not appearing, would
" discharge the bail. But there is neither authority nor prin-
" ciple for the position that a subsequent arrest and discharge
" can work any such consequence. The plea virtually assumes
" that the prisoner, after having broken his recognizance, may
" compel the people to elect between the penalty and the crime.
" This cannot be maintained." (The People v. Anabell, 7
Hill, 33, 34.) What was not an answer to the action would
not have been an answer to a *scire facias* upon the recogniz-
ance.

In Jackson v. The State, (13 Tex. R. 218,) where the defen-
dant appeared immediately on the same day on which the judg-
ment was taken, and moved to set it aside, and for leave to
make his defence, it was intimated that the motion ought to
have been allowed. But it was but a passing remark; the
Court placed the decision of the case on a different ground.

We think we are warranted by authority, in holding that
proceedings upon *scire facias* may be suspended for sufficient
legal cause, or excuse, for having failed to appear on the day
mentioned in the recognizance, where the party afterwards ap-
pears and submits himself to the law ; or the recognizance may
be set aside, in whole or in part, by such matter of legal avoid-
ance, as may be shown by plea, or such matter of relief as may
be deemed sufficient cause to remit or mitigate the forfeiture.
But, as was said by the Supreme Court of New York in the
case just cited, there is neither authority nor principle for the
position, that the mere appearance of the principal cognizor,
and his submitting himself to the law, is an answer to the *scire
facias ;* or any cause for setting aside the recognizance or mit-
igating the forfeiture.

What is to be deemed matter admissible in legal avoidance
by pleading to the *scire facias,* or matter of relief, sufficient to
warrant the Court in remitting or mitigating the forfeiture, we
are not required, in the present case, to consider. It may suf-
fice, for the present, to observe, that, to authorize the interpo-

sition of the Court, it ought very satisfactorily to appear, that the party has not broken his recognizance intentionally, with a design of evading justice; or without a sufficient cause or excuse. The Court must be satisfied of the reasonableness of his excuse.

It is evident the Court in this case did not proceed upon the supposition that the cause shewn by one of the defendants was legally sufficient; but the Court proceeded upon the sole ground that the appearance of the defendants was sufficient. But one of them offered to show cause in answer to the *scire facias;* and the action of the Court as to all of them was the same. The question at present to be decided therefore is, whether the appearance of the defendants, and submitting themselves to the law, at a subsequent Term, after the breach of the condition of their recognizance, without showing any sufficient legal cause or excuse for their default, is an answer to the *scire facias*, and sufficient to authorize the Court to remit or mitigate the forfeiture. And we are clearly of the opinion that it is not. The judgment must therefore be reversed, and the cause remanded, in order that an opportunity may be afforded the defendants, to answer to the *scire facias*, and show cause, if any they have, why execution should not issue.

Reversed and remanded.