MRS. M. A. HARRIS ET AL V. THE STATE.

No. 8726.   Delivered January 27, 1926.

**1.—Forfeiture of Bond—Description of Offense—Held, Insufficient.**

Where, on a forfeiture of an appearance bond, the bond sued upon shows the appellant to be charged by complaint in the district court with a "felony", such bond will not support a judgment by default against the sureties.   The district court has jurisdiction of all felonies, but it recites that the appellant is charged by *"complaint"* in the district court; jurisdiction attaches by "indictment" and not by "complaint."   Following Turpin v. State, 215 S. W. 456.

**2.—Same—Scire Facias—Insufficient.**

Under the procedure a scire facias performs the double office of a pleading and process, and must present a cause of action to support a judgment by default.   If Mrs. Harris was charged by complaint in the

justice court and gave bond to answer the action of the grand jury, such bond could not be forfeited until she had been indicted for a felony, and the scire facias should have so averred. Following Turpin et al v. State, 215 S. W. 455; Brown et al v. State, 6 Tex. Crim. App. 186; Harrel v. State, 22 Tex. Crim. App. 692.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a forfeiture of an appearance bond, and judgment by default.

The opinion states the case.

*King, Mahaffy & Wheeler* of Texarkana, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—The appellants are sureties upon the appearance bond of Mrs. M. A. Harris. They were served with scire facias and failed to appear, and judgment final by default was entered.

Among other things, the appeal is based upon the proposition that the bond would not support a judgment by default for the reason that it fails to show that Mrs. Harris was legally charged with a felony. We understand that the statutory requisites of a bail bond demand in a felony case, that the bond show that the accused is charged with a felony. See Vernon's Tex. Crim. Stat., Vol. 2, Art 321, wherein it is said:

"If the defendant is charged with an offense that is felony, that it state that he is charged with a felony."

It may not be necessary to state in the bond that the charge is by indictment, but under the law, if the prosecution is for a felony and it appears by proof that accused was not charged by indictment or that the indictment against him was void, the bond is without effect. See McGee v. State, 11 Tex. Crim. App. 520; Wallen v. State, 18 Tex. Crim. App. 414; Harrell v. State, 22 Tex. Crim. App. 692; Vernon's Tex. Crim. Stat., Vol. 2, page 154. Where, as in the present case, the means by which the accused is charged is stated in the bond, and it is made thereby to show on its face that he is not legally charged with felony, a default judgment upon the bond is not supported. See Murphy v. State, 17 Tex. Crim. App. 100, from which we quote:

"It must appear from the face of the bond that a defendant is legally accused of some offense. (McLaren v. State, 3 Tex. Crim. App. 680; State v. Gordon, 41 Texas 510)."

The bond in the present case shows the appellant to be charged by *"complaint"* in the district court with a *felony.* The district court has jurisdiction of all felonies, but its jurisdiction attaches by indictment and not by complaint. Upon this subject the following language of Presiding Judge Davidson in the opinion of this court, in Turpin's case, 215 S. W. 456, is deemed pertinent:

"We are also of opinion the contention that the bond and scire facias both show that the accusation against the principal was by complaint for a felony in the district court renders the forfeiture invalid. Here it is affirmatively recited that the authority for the district court to hold the appellant was upon a complaint in a felony case. It does not recite what felony was charged, but this court knows, and made so by law, that a felony case cannot be tried in the district court except upon an indictment preferred by a grand jury."

If the bond in question was taken under the order of a magistrate holding accused to answer to the district court there is no recital in the bond, judgment nisi, scire facias, nor final judgment, to that effect, and even if held by a magistrate to answer to the district court, said court would have no authority to demand compliance with the bond until an indictment was returned. If Mrs. Harris was ever indicted for a felony in the court demanding the forfeiture the record fails to show it. In our procedure a scire facias performs the double office of a pleading and process. Every final judgment by default in a court of record must be supported by a pleading which alleges a valid cause of action. In the judgment nisi it is recited that the case of the State of Texas vs. Mrs. M. A. Harris was called for trial, that she failed to answer, and that forfeiture was taken on a bond which required her "to answer the State of Texas upon a charge by a complaint therein filed accusing her of the offense of a felony." The scire facias served on the sureties recites that in a certain prosecution pending in the District Court of Bowie County, Texas, Mrs. Harris entered into bond obligating herself "to answer the State of Texas upon a charge by complaint duly presented in said court wherein Mrs. M. A. Harris is charged with a felony." A felony cannot be prosecuted in a district court by complaint, and no person can be legally required to answer to a felony charge in said court prosecuted by complaint. Whether true or not, it affirma-

tively appears by the recitals in the judgment nisi, scire facias and bond that Mrs. Harris was bound to appear in the district court and answer a charge of felony prosecuted by complaint. The scire facias (the pleading) does not allege a cause of action which will support the judgment. Turpin et al v. State, 215 S. W. 455; Brown et al. v. State, 6 Tex. Crim App. 188; Harrell v. State, 22 Tex. Crim. App. 692, 3 S. W. 479.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*