**Undine MAKEIG, d/b/a E–Z Bail Bond, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–89–0353–CV.**

Court of Appeals of Texas, Amarillo.

Dec. 14, 1990.

Clayton & Jernigan Associates, Joe W. Jernigan, Amarillo, for appellant.

Barry E. Blackwell, Dist. Atty., Dumas, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

This appeal was perfected to question the efficacy of a final judgment rendered on an appearance bond given in a felony offense. Approximately three months after rendition of judgment nisi on a $50,000 bond executed by Nazario Dominguez Lopez, as principal, and Undine Makeig, d/b/a E–Z Bail Bond, as surety, the trial court rendered final judgment. Makeig's subsequent motion for remittitur after forfeiture was granted only to the extent that the court ordered a partial remittitur of $25,000, less costs of suit.

With four points of error, Makeig contends the trial court erred (1) by impliedly finding Article 22.16(c)(2) of the Texas Code of Criminal Procedure Annotated (Vernon 1989) to be an unconstitutional violation of separation of powers and entering final judgment in contravention of said article; (2) by entering judgment on a bond which she contends was void and at variance with the judgment nisi; (3) by refusing to remit to the surety a portion of the forfeited bond in accordance with Articles 22.16(d) and (e); and, alternatively, that the trial court (4) committed an abuse of discretion by refusing to order sufficient remittitur. We will affirm.

Makeig stood as surety to her client Lopez, accused of the felony offense of possession of marihuana in Moore County, for bond in the amount of $50,000 to secure Lopez's appearance at a hearing on 19 June 1989. A month before the scheduled hearing, Makeig's office manager executed an affidavit for the surrender of Lopez, and an order for issuance of warrant was signed 23 May 1989. Capias issued three days later.

Judgment nisi was signed on 19 June 1989. Although Makeig expended approximately $3,000 for the services of bounty

hunters and investigators, Lopez remained undiscovered. Final judgment of forfeiture was signed on 8 September 1989.

Lopez was later arrested by Nebraska law enforcement personnel. Upon being informed of Lopez's arrest, Makeig paid the cost of $475.00 to transport him back to Moore County on 21 September 1989. Lopez pled guilty to the second degree felony of possession of marihuana and was sentenced to 10 years confinement.

By her motion for remittitur after forfeiture filed 5 October 1989, Makeig sought a remittitur of the amount of the bond, less costs and interest, pursuant to articles 22.-16(a)(1) and (2). On 2 November 1989, the motion was granted to the extent that a partial remittitur in the sum of $25,000, less costs of suit, was ordered.

■ With her second point of error, Makeig presents the threshold issue of the bond's validity. Citing *Harris v. State*, 103 Tex.Cr.R. 61, 279 S.W. 817 (1926), she argues the bond was void because it recited that the principal was charged with a felony by complaint. However, *Harris* and its ilk are based on the proposition that "if the prosecution is for a felony and it appears by proof that accused was not charged by indictment or that the indictment against him was void, the bond is *without effect.*" *Id.* 279 S.W. at 818. Unlike the circumstance in *Harris*, the present record demonstrates that Lopez was subsequently indicted on the same charge in the 69th Judicial District Court for Moore County, the court demanding the forfeiture. There being no challenge to the validity of this subsequent indictment, the bond is not void under *Harris*.

■ Nor is the validity of the bond affected, as Makeig implies it should be, by the judgment nisi's statement that the principal "stands charged by INDICTMENT" and its subsequent declaration of a forfeiture, where there is no order transferring the bond to the 69th Judicial District Court on the indictment. There was no necessity for a transfer order. It is statutorily provided that where a defendant has given bail to answer a charge against him, that bond shall be valid and binding for his personal appearance and for all subsequent proceedings on that charge before the court or magistrate designated therein. Tex.Code Crim.Pro.Ann. Art. 17.09 § 1 (Vernon 1977). The record demonstrates that the subsequent indictment was on the same charge recited in the bond and initially brought by complaint.

■ In addition, the instant bond requires Lopez to appear before the "Court District" of Moore County. Moore County is in the 69th Judicial District of Texas. Tex. Gov't Code Ann. § 24.171(a) (Vernon 1988). There being no other district court in Moore County, the bond, on its face, sufficiently recited the court in which Lopez was expected to appear and is valid and binding upon him for such appearance. Moreover, by failing to assert their right to have the bail bond state more fully the court or magistrate before whom the principal was to appear, the principal and surety waived such right and cannot complain of the omission in the bond for the first time after the bond has been forfeited. *Balboa v. State*, 612 S.W.2d 553, 555 (Tex. Cr.App.1981). Makeig's second point of error is overruled.

■ Having determined the bond to be valid, we turn to Makeig's initial contention, *viz.*, the trial court erred by entering final judgment on the bond earlier than 18 months after the date the forfeiture was entered, in contravention of Texas Code of Criminal Procedure article 22.16(c)(2) (Vernon 1989). By this point, we are asked to consider whether the State, relying upon *Armadillo Bail Bonds v. State*, 772 S.W.2d 193 (Tex.App.—Dallas 1989, pet'n granted), is correct in its contention that this statute is an unconstitutional violation of the division of powers between the separate departments of government.

Subsequent to submission of the appeal on oral argument, the Court of Criminal Appeals resolved this issue in *Armadillo Bail Bonds v. The State of Texas*, 802 S.W.2d 237 (Tex.Cr.App.1990), by finding that article 22.16(c)(2) "unduly interferes with the Judiciary's effective exercise of its constitutionally assigned power," and con-

cluding the provision to be invalid under Article II, § 1 of the Texas Constitution. *Id.*, at 241. That being so, the trial court did not err in rendering final judgment during the article's invalid 18–month waiting period. Makeig's first point of error is overruled.

By her third point of error, Makeig contends that the trial court erred by failing to apply subsections (d) and (e) of article 22.16 of the Texas Code of Criminal Procedure Annotated (Vernon 1989) when deciding to remit a portion of the bond. Subsection (d) authorizes the trial court to exercise its discretion to remit all or part of the forfeited amount after deducting enumerated costs and interest accruing as specified in subsection (e). As subsection (d) states, these provisions do not come into operation until "[a]fter the expiration of the time limits set by Subsection (c) of this article and before the entry of a final judgment against the bond." Tex.Code Crim. Proc.Ann. art. 22.16(d) (Vernon 1989). However, in the instant case, the 18 months required by subsection (c) had not expired before the remittitur hearing, and a final judgment had already been entered against the bond. Therefore, by their terms, subsections (d) and (e) were not applicable to the present circumstance, and the court's actions cannot be judged by their provisions. Makeig's third point of error is overruled.

Lastly, Makeig contends the trial court committed an abuse of discretion by refusing to order sufficient remittitur. Makeig's motion for remittitur was filed 5 October 1989, within 30 days of the signing of the final order of forfeiture, and was granted in the sum of $25,000 less costs of suit on 2 November 1989, all within the timetable set up by Texas Rules of Civil Procedure 329b(a), (e), and (g), defining the period during which the trial court retains plenary power to reform its judgment.

In addition, the motion was filed well within the two-year limit for a special bill of review authorized by Texas Code of Criminal Procedure Annotated article 22.17 (Vernon 1989), enabling a surety to request, on equitable grounds, reformation of final judgment and remittitur of the bond amount. The statute confides the decision to grant or deny the bill, in whole or in part, entirely to the discretion of the court, except that it requires the deduction of certain costs.

Upon review for abuse of discretion, we must determine whether the court acted without reference to any guiding rules and principles or, stated another way, whether the court acted arbitrarily or unreasonably. *Montgomery v. State*, No. 1090–88, slip op. at 10–11 (Tex.Cr.App., May 30, 1990); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Article 22.17 contains no guidelines for the exercise of the court's discretion; subsection (a) of Article 22.16, clearly designed to apply before entry of a final judgment, does not control; and as discussed above, Article 22.16(d) is equally inappropriate.

We turn then to the equitable principles which have traditionally guided Texas courts in the exercise of their long recognized discretion, independent of statutory grant, to suspend proceedings on a scire facias and remit or mitigate bond forfeitures before final judgment has been rendered. *State v. Warren*, 17 Tex. 283, 290 (1856). The touchstone of these principles is a showing of sufficient cause for the accused's failure to comply, adjudged in the exercise of sound legal discretion. *Id.* at 288.

It is settled law that mere subsequent appearance by the accused is not sufficient cause for complete remission of the forfeiture. *State v. Warren*, 17 Tex. at 284–85; *Fly v. State*, 550 S.W.2d 684, 686 (Tex.Cr.App.1977). If it were, the defendant would not really be bound to appear as required by the terms of his recognizance, but would be able to create continuances at will. *State v. Warren*, 17 Tex. at 284–85; *Williamson v. State*, 68 Tex.Cr.R. 53, 150 S.W. 892, 893 (1912).

Generally, sufficient cause is a showing that the party did not break his

recognizance intentionally, with the design of evading justice, or without a sufficient cause or reasonable excuse, such as unavoidable accident or inevitable necessity preventing his appearance. *State v. Warren*, 17 Tex. at 287–88, 291. Resulting extreme hardship on the surety may also be considered, *id.* at 288; however, a balancing consideration may be whether compensation was received by the surety for taking the risk. The law, while not seeking to punish the sureties for a principal's noncompliance, does contemplate that such noncompliance will result in forfeiture of the bond amount. *Williamson v. State*, 150 S.W. at 893. These factors, material to the court's decision before final judgment, continue to be germane while that judgment remains subject to the court's plenary powers of reformation.

■ The record reveals that there was no attempted showing of any sufficient cause or reasonable excuse for the accused's absence. Additionally, the record shows that although Makeig expended about $3,000 in unfruitful attempts to locate her client, Lopez was apprehended by the efforts of Nebraska law enforcement personnel. She subsequently paid $475 for Lopez's transportation back to Texas.

The trial court evidently considered Makeig's entire $3,475 expense and mitigated the forfeiture by $25,000, less costs. Given these considerations, we cannot say the trial court abused its discretion by remitting only half of the forfeited bond less costs, a remittitur of approximately seven times Makeig's demonstrated costs, where there was no showing of sufficient cause for the principal's absence, where he was not apprehended through the efforts of the surety, and where the surety had received compensation for the risk it endured under the bond. Makeig's fourth point of error is overruled.

The judgment of the trial court is affirmed.