**Telles Bail BONDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–95–00032–CV.**

Court of Appeals of Texas,
El Paso.

Nov. 9, 1995.

Rehearing Overruled Dec. 13, 1995.

Mark T. Davis, El Paso, for Appellant.

Jose R. Rodriguez, County Attorney, Hugh Emerson Coleman, Assistant County Attorney, Cygne Nemir, El Paso Assistant County Attorney, El Paso, for Appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## *OPINION*

BARAJAS, Chief Justice.

This is an appeal from the forfeiture of an appearance bond in which Appellee was granted final forfeiture on a bail bond of $1,000 against Appellant. We affirm the judgment of the trial court.

## *I.  SUMMARY OF THE EVIDENCE*

The facts in this case are undisputed. Alfredo Cobos was charged with a Class A misdemeanor. On May 24, 1993, a $1,000 surety bond was executed and posted by Cobos and Appellant to secure his release from custody. Cobos failed to appear for a March 28, 1994 court hearing as required by the terms of the bail bond. Because Cobos failed to appear at the hearing, the trial court issued a judgment nisi on April 15, 1994. Cobos was re-arrested on April 18, 1994. Three days later, Cobos entered a plea of guilty to the offense as charged, was sentenced, and released from custody.

On August 31, 1994, a final hearing on the bond forfeiture was tried to the court. The trial court rendered judgment against Appellant and in favor of Appellee for $1,000 together with costs.

## *II.  DISCUSSION*

In its sole point of error, Appellant contends that the trial court erred in finding that TEX.REV.CIV.STAT.ANN. art. 2372p–3, § 13 (Vernon Supp.1995) of the Licensing and Regulation of Bail Bondsman Act does not exonerate a surety from liability on a bail bond upon disposition of the underlying criminal cause where the principal has failed to appear at a scheduled criminal hearing prior to the disposition of the criminal case. Appellant asserts that because Article 2372p–3, § 13(c) is in direct conflict with TEX.CODE CRIM.PROC.ANN. art. 22.13 (Vernon 1989), Article 2372p–3, § 13(c) should be read as an exception to Article 22.13 in order to give effect to both laws. Because we find no irreconcilable conflict between the two provisions, we do not address Appellant's assertions that the latest statute in time prevails or a special statute prevails over a general statute.

On cursory reading, it appears that the above two statutory provisions are indeed in conflict. However, a closer look reveals that the statutes pertain to different time frames of the underlying action. Section 13(c) of Article 2372p–3, TEX.REV.CIV.STAT.ANN., provides:

> The surety on appearance bonds in criminal cases shall be absolved of liability upon disposition of the case, and disposition as used herein shall mean a dismissal, acquittal, or finding of guilty on the charges made the basis of the bond.

*Id.* Article 2372p–3, § 13 is divided into three subsections, with each subsection refer-

ring to a different and successive time period. Subsection (a) deals with a time prior to final judgment. Subsection (b), declared unconstitutional by *Williams v. State,* 707 S.W.2d 40, 47 (Tex.Crim.App.1986), related to a time after a final judgment on a forfeiture and within two years of the judgment nisi. Finally, subsection (c) concerns absolution of the surety's liability upon disposition, the last step in the process. *Id.* at 43.

■ Article 2372p–3, § 13(c) applies in situations where there is **no forfeiture before the final disposition** of the criminal case. *See* Op.Tex.Att'y Gen. No. JM–261 (1984) (noting that Article 2372p–3, § 13(c) applies to situations where there is no forfeiture of the bond); *see also Garcia v. State,* 686 S.W.2d 281, 283 (Tex.App.—San Antonio 1985, no writ) (recommending to Legislature that words "Prior to the entry of a judgment nisi" be added as preface to Section 13(c)). It is well settled in Texas that mere subsequent appearance by the accused is not sufficient cause for complete remission of the forfeiture. *State v. Warren,* 17 Tex. 283, 284–85 (1856); *Fly v. State,* 550 S.W.2d 684, 686 (Tex.Crim.App.1977); *Makeig v. State,* 802 S.W.2d 59, 62 (Tex.App.—Amarillo 1990), *aff'd,* 830 S.W.2d 956 (Tex.Crim.App.1992). Otherwise, the defendant would not really be bound to appear as required by the terms of his recognizance, but would be able to create continuances at will.[1] *Warren,* 17 Tex. at 284–85; *Makeig,* 802 S.W.2d at 62.

■ In contrast, TEX.CODE CRIM.PROC. ANN. art. 22.13 applies in situations where **forfeiture occurs before the final disposition** of the criminal case. TEX.CODE CRIM. PROC.ANN. art. 22.13 (Vernon 1989) provides, in pertinent part:

The following causes, and no other, will exonerate the defendant and his sureties, if any, *from liability upon the forfeiture taken:*

1. That the bond is, for any cause, not a valid and binding undertaking in the law. If it be valid and binding as to the principal, and one or more of his sureties, if any, they shall not be exonerated from liability because of its being invalid and not binding as to another surety or sureties, if any....

2. The death of the principal before the forfeiture was taken.

3. The sickness of the principal or some other uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part.

4. Failure to present an indictment or information at the first term of the court which may be held after the principal has been admitted to bail, in case where the party was bound over before indictment or information, and the prosecution has not been continued by order of the court.

*Id.* [Emphasis added]. By the words of the statute, it is evident that Article 22.13 deals with a situation where a forfeiture has been taken.[2] The only grounds for exonerating a defendant and his sureties upon forfeiture of a bond are those provided in Article 22.13. *Lyles v. State,* 587 S.W.2d 717 (Tex.Crim. App.1979), *cert. denied,* 445 U.S. 951, 100 S.Ct. 1600, 63 L.Ed.2d 786 (1980); *Rodriguez v. State,* 673 S.W.2d 635, 636 (Tex.App.—San Antonio 1984, no writ). As none of these grounds have been argued by Appellant in this case, we find that Appellant is not exonerated from liability and overrule Point of Error No. One.

Having overruled Appellant's sole point of error, we affirm the judgment of the trial court.

---

**1.** We note that were we to interpret Article 2372p–3 as Appellant insists, some rather unintended results could occur. A defendant could be arrested, escape before trial, and be re-arrested fifty years later, all without forfeiture of the bail bond.

**2.** Similarly, TEX.CODE CRIM.PROC.ANN. art. 22.125 (Vernon 1989) provides:

*After a judicial declaration of forfeiture is entered,* the court may proceed with the trial required by Article 22.14 of this code. The court may exonerate the defendant and his sureties, if any, from liability on the forfeiture, remit the amount of the forfeiture, or set aside the forfeiture only as expressly provided by this chapter.

*Id.* [Emphasis added].