NUMBERS 13-05-00209-CV

 13-05-00210-CV

 13-05-00211-CV

 13-05-00212-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

WARREN ALKEK, INDIVIDUALLY

AND 
D/B/A  A&A BAIL BONDS,                                                     Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

    On appeal from the 377th District Court of Victoria County,
Texas.

 

                       MEMORANDUM OPINION

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 








In each of these cases,[1]
appellant, Warren Alkek, individually and d/b/a A&A Bail Bonds, appeals
from a judgment forfeiting a bail bond. 
In each case, by a single issue, appellant contends the trial court
abused its discretion in refusing to grant a sufficient remittitur of the
forfeiture.  We affirm in all four cases.

A.  Applicable Law

Under article 22.17 of the Texas Code of Criminal
Procedure, after a final judgment is entered in a bond forfeiture proceeding,
the surety on the bond may file a special bill of review with the court
requesting, on equitable grounds, that the final judgment be reformed and that
all or part of the bond amount be remitted to the surety, less (1) the costs of
court, (2) any reasonable costs to the county for the return of the principal,
and (3) the interest accrued on the bond amount from the date of
forfeiture.  Tex. Code Crim. Proc. Ann. art. 22.17(a) (Vernon 1989).  Article 22.17 states that the decision to
grant or deny the bill, in whole or in part, is entirely within the discretion
of the trial court.  Id.; see
Lyles v. State, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993); Makeig v.
State, 830 S.W.2d 956 (Tex. Crim. App. 1992) (adopting the decision and
reasoning of Makeig v. State, 802 S.W.2d 59 (Tex. App.BAmarillo 1990)).  However, the statute provides no guidelines
for the exercise of the trial court=s discretion.  Lyles, 850 S.W.2d at 502 (citing Makeig,
802 S.W.2d at 62). 








AIn determining whether the trial court
abused its discretion, we must determine if the judge acted without reference
to any guiding rules and principles, or, in other words, whether the court
acted arbitrarily or unreasonably.@  Makeig,
802 S.W.2d at 62; Lyles, 850 S.W.2d at 502.  An abuse of discretion may exist on the part
of the trial court Awhen there is a showing of sufficient cause
for the accused=s failure to comply.@  Lyles,
850 S.W.2d at 502; Makeig, 802 S.W.2d at 62.  Sufficient cause usually requires Aa showing that the party did not break his
recognizance intentionally, with the design of evading justice, or without a
sufficient cause or reasonable excuse, such as unavoidable accident or
inevitable necessity preventing his appearance.@  Lyles,
850 S.W.2d at 502; Makeig, 802 S.W.2d at 62-63.  AMere subsequent appearance by the accused is
not sufficient cause for complete remission of the forfeiture.@  Lyles,
850 S.W.2d at 502; Makeig, 802 S.W.2d at 62.

In addition to considering the cause of the
principal=s failure to comply, an appellate court
should take into account (1) any extreme hardship resulting to the surety,
balanced by whether compensation was received by the surety for taking the
risk, (2) whether the surety incurred any costs in attempting to locate the
principal, and (3) whether the principal was apprehended through the efforts of
the surety.  Lyles, 850 S.W.2d at
502; Makeig, 802 S.W.2d at 62-63. 
While the purpose of the law is not to act as a revenue device, see
Gramercy Ins. Co. v. State, 834 S.W.2d 379, 381-82 (Tex. App.BSan Antonio 1991, pet. ref=d), nor to punish the surety for a principal=s noncompliance, the law does contemplate
that noncompliance will result in forfeiture of the bond amount.  Lyles, 850 S.W.2d at 502; Makeig,
802 S.W.2d at 63. 

B.  Discussion

1.  Cause
Number 13-05-209-CV








In cause number 13-05-209-CV, appellant was
the surety on a $15,000 bail bond for principal Joe Neal Brown, who was charged
with a felony DWI.  Brown failed to
appear in court on May 18, 2001, and the trial court issued a Judgment Nisi on
May 21, 2001.  The trial court=s final order of February 28, 2005, granted
appellant a remittitur of $6,000, approximately forty percent of the original
bond.[2]

At the hearing on the special bill of
review, Brown testified that he failed to appear at his May 18th court date
because of a miscommunication with his court-appointed attorney.  Brown explained that his attorney sent him a
letter instructing him to appear in court sometime in December 2000 or January
2001, but when his father took him to the courthouse it was closed for a
holiday.  Brown called his attorney, who
told him that he would get back to him with a later court date.  Brown then called A&A Bail Bonds and told
them what happened.  When Brown
subsequently appeared in court on July 14, 2001, he was arrested for the
earlier failure to appear.








Although Brown=s failure to appear does not appear to have
been willful or with the intention of evading justice, miscommunication with an
attorney does not constitute an  Aunavoidable accident or inevitable
necessity.@  See
Lyles, 850 S.W.2d at 502; Makeig, 802 S.W.2d at 62-63.  Furthermore, although appellant asserts he
was responsible for Brown=s later appearance in court, Brown testified
that although A&A told him he should appear at his next scheduled court
date on July 14, 2001, they never told Brown to turn himself in any earlier,
did not assist him in determining when he should have appeared in court, and
put forth no additional efforts or expenses to secure his appearance in
court.  Brown testified that it was his
own choice to show up in court on July 14th, that he went of his own free will,
and that he was not accompanied by a bondsman. 
Given these considerations, we cannot say that the trial court abused
its discretion.  Appellant=s sole issue in cause number 13-05-209-CV is
overruled. 

2.  Cause
Number 13-05-210-CV

In cause number 13-05-210-CV, appellant was
the surety on a $5,000 bail bond for principal Myrtle Bryant, who was charged
with child abandonment.  Bryant failed to
appear in court on April 17, 2001, and the trial court issued a Judgment Nisi
on April 23, 2001.  The trial court=s final order of February 28, 2005, granted
appellant a remittitur of $2,000, approximately forty percent of the original
bond.   

At the hearing, Carmen Davila Salazar, an
agent of A&A, testified that upon Bryant=s failure to appear, A&A hired bounty
hunter Lewis Edwards, who located Bryant in Nueces County, Texas, and turned
her in to local authorities on August 7, 2001. 
A&A paid the Victoria County Sheriff=s Office the sum of $114.22 to transport
Bryant to Victoria County.  Salazar
testified that Bryant later told her that she did not appear in court because
either she or one of her children had gotten sick.  However, Salazar admitted she had no actual
proof that any medical attention was sought.

Although appellant did incur additional
expenses in the re-apprehension of Bryant, we note the remittitur ordered by
the trial court is more than fifteen times the amount expended.  Without additional evidence of a sufficient
reason for Bryant=s failure to appear, we cannot say that the
trial court abused its discretion. 
Appellant=s sole issue in cause number 13-05-210-CV is
overruled. 

3.  Cause
Number 13-05-211-CV








In cause number 13-05-211-CV, appellant was
a surety on a $25,000 bail bond for principal Darwin Jamal Powell, who was
charged with aggravated assault.  Powell
failed to appear in court on May 29, 2001, and the trial court issued a
Judgment Nisi on May 31, 2001.  The trial
court=s final order of February 28, 2005, granted
appellant a remittitur of $12,500, approximately fifty percent of the original
bond.   

At the hearing, Salazar testified that after
Powell failed to appear in court, A&A again hired bounty hunter Lewis
Edward.  Powell was located in Bexar
County, Texas, where Powell turned himself in to the Bexar County Sheriff=s Office on June 17, 2001.  Salazar testified that they were in
communication with Powell and told him to turn himself in, and that because
Powell turned himself in, A&A incurred no additional expenses in his
reapprehension.  Without additional
evidence of a sufficient reason for Powell=s failure to appear, we cannot say that the
trial court abused its discretion. 
Appellant=s sole issue in cause number 13-05-211-CV is
overruled.

4.  Cause
Number 13-05-212-CV

In cause number 13-05-212-CV, appellant was
the surety on a $50,000 bail bond for principal Juana Gonzalez, who was charged
with aggravated robbery.  Gonzalez failed
to appear in court on October 25, 2000, and the trial court issued a Judgment
Nisi on October 27, 2000.  The trial
court=s final order of February 28, 2005,[3]
granted appellant a remittitur of $25,000, approximately fifty percent of the
original bond.








At the hearing, Homer Soliz, an agent of
A&A testified that after Gonzalez failed to appear in court, he sat on a
couple of stake-outs looking for her.  At
one point, he located Gonzalez, but the sheriff=s department did not have a unit available
to pick her up, and the city police did not show a warrant for her arrest.  He testified he did not know why Gonzalez had
failed to appear in court.  On December
14, 2001, Gonzalez was incarcerated in the county jail of Chesterfield County,
Virginia.  On June 18, 2002, Gonzalez was
transferred from Chesterfield County, Virginia to Victoria County, Texas.  A&A paid the Victoria County Sheriff=s Office the sum of $1,357.12 to transport
appellant from Virginia to Texas.

The record does not show sufficient cause
for Gonzalez=s failure to appear in court.  On the contrary, the delay of approximately
eighteen months between Gonzalez=s failure to appear and her reapprehension
in the State of Virginia indicates a wilfulness on the part of Gonzalez to
break bond.  Further, although appellant
did incur expenses in securing Gonzalez=s re-apprehension, the remittitur granted by
the trial court is more than fifteen times the amount expended.  Accordingly, we cannot say that the trial
court abused its discretion.  Appellant=s sole issue in cause number 13-05-212-CV is
overruled. 

The judgments of the trial court in cause
numbers 13-05-209-CV, 13-05-210-CV, 13-05-211-CV, and 13-05-212-CV are
affirmed.  

 

 

FEDERICO G. HINOJOSA

Justice

 

 

Memorandum
Opinion delivered and filed

this
the 22nd day of June, 2006.

 

 

 











[1]
Although appellant is the
same in each case, the principals, bond amounts, and amounts of remittitur
differ.  Nevertheless, the issue is the
same in each appeal.  Furthermore, the
trial court rendered final default judgments in all four cases for the full amount
of the forfeited bonds on August 2, 2002, and on April 4, 2003, under article
22.17, appellant filed requests in all four cases for a ASpecial Bill of Review.@ 
See Tex. Code Crim. Proc. Ann.
art. 22.17 (Vernon 1989).  The requests
were heard together on April 5, 2004, by the Honorable Joseph P. Kelly in the
24th District Court of Victoria County, Texas. 
On June 21, 2004, Judge Kelly issued one letter to appellant advising him
of his rulings in all four cases, and all four final orders were issued on
February 28, 2005.  Therefore, we address
all four cases in one opinion.





[2]
In all four cases,
the order of remittitur required appellant to pay court costs, prejudgment
interest of ten percent from the date of forfeiture to the date of final
judgment (August 2, 2002), post-judgment interest of ten percent from the date
of final judgment (August 2, 2002) to July 15, 2003, and post-judgment interest
of five percent from July 16, 2003 until February 28, 2005, the date of the
order granting the special bill of review.





[3]
The final order in
cause number 13-05-212-CV was actually dated February 28, 2004.  However, on May 26, 2005, the trial court
issued an order nunc pro tunc correcting the effective date of the final order
to February 28, 2005.