NUMBER 13-05-00358-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

WARREN ALKEK, INDIVIDUALLY

AND 
D/B/A  A&A BAIL BONDS,                                                     Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

    On appeal from the 24th District Court of Jackson County,
Texas.

 

                       MEMORANDUM OPINION

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 

Appellant, Warren Alkek, individually and
d/b/a A&A Bail Bonds, appeals from a trial court judgment forfeiting a bail
bond.  In one issue, appellant contends
the trial court abused its discretion in refusing to grant a sufficient
remittitur of the forfeiture.  We affirm.

A.  Applicable
Law








Under article 22.17 of the Texas Code of
Criminal Procedure, after a final judgment is entered in a bond forfeiture
proceeding, the surety on the bond may file with the court a special bill of
review requesting, on equitable grounds, that the final judgment be reformed
and that all or part of the bond amount be remitted to the surety.  Tex.
Code Crim. Proc. Ann. art. 22.17(a) (Vernon 1989).  Under the statute, the decision to grant or
deny the bill, in whole or in part, is entirely within the discretion of the
trial court.  Id.; see also
Lyles v. State, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993) (en banc); Makeig
v. State, 830 S.W.2d 956 (Tex. Crim. App. 1992) (adopting the decision and
reasoning of Makeig v. State, 802 S.W.2d 59 (Tex. App.BAmarillo 1990)).  However, article 22.17 provides no guidelines
for the exercise of the trial court=s discretion.  Lyles, 850 S.W.2d at 502 (citing Makeig,
802 S.W.2d at 62). 

AIn determining whether the trial court
abused its discretion, we must determine if the judge acted without reference
to any guiding rules and principles, or, in other words, whether the court
acted arbitrarily or unreasonably.@  Makeig,
802 S.W.2d at 62; Lyles, 850 S.W.2d at 502.  An abuse of discretion may exist on the part
of the trial court Awhen there is a showing of sufficient cause
for the accused=s failure to comply.@  Lyles,
850 S.W.2d at 502; Makeig, 802 S.W.2d at 62.  Sufficient cause usually requires Aa showing that the party did not break his
recognizance intentionally, with the design of evading justice, or without a
sufficient cause or reasonable excuse, such as unavoidable accident or
inevitable necessity preventing his appearance.@  Lyles,
850 S.W.2d at 502; Makeig, 802 S.W.2d at 62-63.  AMere subsequent appearance by the accused is
not sufficient cause for complete remission of the forfeiture.@  Lyles,
850 S.W.2d at 502; Makeig, 802 S.W.2d at 62.








In addition to considering the cause of the
principal=s failure to comply, an appellate could
should take into account (1) any extreme hardship resulting to the surety,
balanced by whether compensation was received by the surety for taking the
risk, (2) whether the surety incurred any costs in attempting to locate the
principal, and (3) whether the principal was apprehended through the efforts of
the surety.  Lyles, 850 S.W.2d at
502; Makeig, 802 S.W.2d at 62-63. 
While the purpose of the law is not to act as a revenue device, see
Gramercy Ins. Co. v. State, 834 S.W.2d 379, 381-82 (Tex. App.BSan Antonio 1991, pet. ref=d), nor to punish the surety for a principal=s noncompliance, the law does contemplate
that noncompliance will result in forfeiture of the bond amount.  Lyles, 850 S.W.2d at 502; Makeig,
802 S.W.2d at 63. 

                                                               B.  Discussion

Appellant was the surety on a $40,000 bail
bond for principal Aaron Edmond, a/k/a Demario Kennedy, who was charged with
possession of marihuana.  Edmond failed
to appear in court on May 9, 2002, and the trial court issued a Judgment Nisi
on May 28, 2002.  A final default
judgment for forfeiture of the full amount of the bond was entered on September
6, 2002.  On September 3, 2004, appellant
applied for a Special Bill of Review under article 22.17.  The trial court held a hearing on December
20, 2004, and on March 3, 2005, issued an order of remittitur in the amount of
$22,857, or approximately fifty-seven percent of the original bond, less court
costs and interest.[1]    








At the hearing on the special bill of
review, Melissa Amador, an agent of A&A, testified that A&A charged a
$4,000 fee to post Edmond=s bond. 
Edmond paid $2,000 at the time the bond was made, but did not pay the
remaining $2,000.  Amador testified that
prior to May 9, 2002, she began to suspect that Edmond would not show up for
his scheduled court date.  Edmond did not
pay the balance of his bond fee, and he did not report to A&A every week as
required by the bond agreement.  As a
result, A&A executed an AAffidavit of Surrender@ on Edmond on April 29, 2002.

Amador testified that after Edmond failed to
appear for his scheduled court date on May 9, she contacted Edmond=s father in Illinois, and asked him to
please have Edmond call A&A. 
Approximately one month after his failure to appear, Edmond called
A&A and was informed of his new court date. 
The record, however, does not indicate that Edmond ever voluntarily
returned to Texas.  The record shows
appellant paid bounty hunter Phillip March $6,000 to locate and arrest Edmond
in Madison County, Illinois.

Although appellant incurred additional
expenses in the re-apprehension of Edmond, we note that the remittitur granted
by the trial court is more than three times the amount expended.  In addition, Amador=s testimony revealed that A&A was aware
at the time they  executed the bond that
Edmond=s primary home was in Illinois, and that he
had previously been on probation in Harris County, Texas.[2]  After reviewing the entire record, we cannot
say that the trial court abused its discretion. 
Appellant=s sole issue is overruled. 

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum
Opinion delivered and filed this

the
29th day of June, 2006.











[1]
The trial court=s final order required
appellant to pay interest in the amount of ten percent from the date of
forfeiture, May 28, 2002, through August 2003; five percent from September 1,
2003 to February 1, 2005; and five percent from February 2, 2005 until the date
of payment.  See Tex. Code Crim. Proc. Ann. art.
22.17(a) (Vernon 1989).  





[2]
Amador testified that
Edmond told her he had been on probation in Harris County, but it had been
completed.  However, the record reveals
that at the time the bond was executed, Edmond was still on probation in Harris
County, and his probation was revoked on October 31, 2002.