**Affirmed and Memorandum Opinion filed March 12, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00274-CR
## NO. 14-12-00275-CR

## NATHAN GOODWIN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause Nos. 10CR1699 & 10CR1700**

## M E M O R A N D U M   O P I N I O N

Appellant was convicted of one count of aggravated robbery and one count of unlawful possession of a firearm. Punishment was assessed at seventy-five years' imprisonment on the first count and fifty years' imprisonment on the second. In three issues, we must decide whether the evidence is legally sufficient, whether the trial court abused its discretion in the admission of evidence, and whether the trial court violated appellant's right to a speedy trial. We affirm.

**BACKGROUND**

On May 10, 2010, a man walked into a gas station in Galveston County, pointed a handgun at the clerk, and calmly asked for all of the money in the cash register. The clerk emptied the register as requested, and the man left the premises without incident. Another customer walked into the gas station as the robber was leaving. Upon learning of the events that had just transpired, the customer assisted the clerk with her call to police.

At trial, the customer testified that she did not get a good look at the robber's face, but she remembered seeing him walking out of the store with money in his hand, which she thought was unusual. The customer also testified that the man had sandy blonde hair.

The clerk identified appellant at trial as the man who robbed the store. The clerk also testified that the store had several surveillance cameras, which captured the robbery on film. The footage, which contained both video and audio components, was published to the jury over appellant's objection. The video depicts a middle-aged male with a brownish shade of hair, leaning on the counter and demanding money from the register. Fingerprints were lifted from the counter, and according to the State's fingerprinting expert, those prints matched prints belonging to appellant.

**LEGAL SUFFICIENCY OF THE EVIDENCE**

We begin with appellant's second issue, which challenges the sufficiency of the evidence to support his conviction. When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S.

2

307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality opinion); *Pomier v. State*, 326 S.W.3d 373, 378 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Our review includes both properly and improperly admitted evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *Id.*

Appellant does not generally dispute that a robbery was committed or that a firearm was unlawfully possessed. Instead, he argues that the clerk's identification of him is "unreliable" because the record contains contradictory evidence of his hair color and physical stature. Specifically, appellant notes that there are discrepancies in the record as to whether the robber's hair color was blonde or sandy blonde. He also observes that there are discrepancies as to whether appellant was the robber, apparently because, at the time of trial, appellant was slimmer than the man captured on film.

Appellant's identity was sufficiently established by the evidence. The clerk identified appellant in court as the man who robbed the store and as the man appearing in the surveillance video. The evidence also showed that she made an out-of-court identification of appellant in a six-person photo array conducted twenty days after the robbery. Furthermore, the State produced fingerprint evidence linking appellant to the scene of the crime. The jury, as finder of fact, was

capable of resolving any alleged discrepancies in the evidence. *See Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971) (concluding that the testimony of a single eyewitness is sufficient to support the jury's verdict); *Bradley v. State*, 359 S.W.3d 912, 918 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (dismissing the notion that an imperfect description will undercut a witness's in-court identification of the defendant and out-of-court identification by photo array). We overrule appellant's second issue.

## ADMISSION OF EVIDENCE

In his first issue, appellant argues that the trial court erred by admitting video and photographic stills from the surveillance footage. His complaint essentially maintains that the State failed to lay a proper predicate for the admission of these exhibits.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to guiding rules or principles. *Makeig v. State*, 802 S.W.2d 59, 62 (Tex. Crim. App. 1990). Because the trial court has no discretion in determining the applicable law, the trial court also abuses its discretion when it fails to analyze the law correctly and apply it to the facts of the case. *State v. Kurtz*, 152 S.W.3d 72, 81 (Tex. Crim. App. 2004). Under this standard, the trial court's ruling will not be disturbed unless it lies clearly outside the zone of reasonable disagreement. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005).

Before the rules of evidence, the court of criminal appeals adhered to a seven-pronged predicate for the admission of sound recordings and videotapes. *See Roy v. State*, 608 S.W.2d 645, 649 (Tex. Crim. App. [Panel Op.] 1980); *Edwards v. State*, 551 S.W.2d 731, 733 (Tex. Crim. App. 1977). The predicate required the

4

proponent of the evidence to (1) show that the recording device was capable of taking testimony; (2) show that the operator of the device was competent; (3) establish the authenticity and correctness of the recording; (4) show that changes, additions, or deletions have not been made; (5) show the manner of the preservation of the recording; (6) identify the speakers; and (7) show that the testimony elicited was voluntarily made without any kind of inducement. *See Roy*, 608 S.W.2d at 649. Appellant argues that the surveillance exhibits were not properly authenticated because the proponent of the evidence did not satisfy all of the seven prongs.

It is no longer necessary that a witness authenticate an exhibit using the seven-pronged predicate just described. *See Angleton v. State*, 971 S.W.2d 65, 68–69 (Tex. Crim. App. 1998) (providing that *Edwards* has been superseded by rule); *Thierry v. State*, 288 S.W.3d 80, 88 n.5 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (providing the same with respect to *Roy*). The governing rule for the authentication of evidence is now stated under Rule 901 of the Texas Rules of Evidence. Under that rule, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Tex. R. Evid. 901(a).

The store clerk provided a sufficient foundation for the admission of the surveillance exhibits. The clerk testified that she had an opportunity to review the exhibits prior to trial. She testified further that, as an eyewitness to the robbery, she recognized everything on the video; that the video was a fair and accurate depiction of the events; and that nothing appeared to be changed, deleted, or altered in any way. Although the clerk could not testify about the capabilities of the recording device, we conclude that her testimony supports a finding that the

exhibits are what she claimed them to be. *See* Tex. R. Evid. 901(b)(1). The trial court did not abuse its discretion by admitting them into evidence. Appellant's first issue is overruled.

## SPEEDY TRIAL

In his third issue, appellant contends that the trial court violated his right to a speedy trial. Appellant asserted this right in a pro se "Motion to Discharge for Delay and to Set Aside the Indictment." This motion was filed at time when appellant was represented by defense counsel. A defendant has no right to hybrid representation, however, meaning that "a trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel." *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).

Appellate review may still extend to pro se motions, but only when the record actually reflects that the trial court has ruled on the motion. *See id.* at 923 (remanding to determine whether the denial of a pro se motion was a ruling to disregard the motion or a ruling on the merits); *Fleck v. State*, Nos. 01-09-00983-CR, 01-11-00271-CR & 01-11-00272-CR, 2011 WL 1632168, at *4 (Tex. App.—Houston [1st Dist.] Apr. 28, 2011, pet. ref'd) (mem. op., not designated for publication) (providing that a pro se objection may have legal effect if the objection is adopted by defense counsel; if the trial court permits a hybrid representation, either as to the particular objection or in general; or if the court denies the pro se objection on the merits). A trial court's decision *not* to rule on a pro se motion is not subject to review if the defendant was represented by counsel. *See Robinson*, 240 S.W.3d at 922.

The record in this case does not reflect that appellant's pro se motion was adopted by defense counsel. Nor does it reflect that the trial court issued a ruling

on the motion. Indeed, the trial court's docket sheet does not indicate that the motion was even considered.

We presume that the trial court knew that it was free to disregard appellant's pro se motion. *See id.* Because the record does not show that a ruling was made on that motion, there is no claimed error for us to review. Therefore, we overrule appellant's third issue.

## CONCLUSION

The judgment of the trial court is affirmed.

/s/    Adele Hedges
Chief Justice

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).